Thomas MARTIN et al., Petitioners-
Appellants,

v.

Perry M. JOHNSON, Warden, State
Prison, Jackson, Michigan, et al.,
Respondents-Appellees.

No. 72-1730.

United States Court of Appeals,
Sixth Circuit.

Jan. 19, 1973.

Thomas Martin, in pro. per.

John Ballard, in pro. per.

Euliss L. Carter, in pro. per.

Willie B. Brown, Jr., in pro. per.

Frank J. Kelley, Atty. Gen. of Mich., Robert A. Derengoski, Sol. Gen., Lansing, Mich., on brief, for respondents-appellees.

Before MILLER, KENT and LIVELY, Circuit Judges.

## PER CURIAM.

This is an appeal from the District Court's dismissal of the petitioners' suit for injunction and for damages in which there were allegations of violations of the Civil Rights of the petitioners. Title 42 U.S.C. § 1983. From an examination of the District Court file it appears that the petitioners were authorized to proceed in forma pauperis. Thereafter the service of process upon the respondent was delayed to permit a different District Judge to determine whether the action was frivolous and subject to dismissal under 28 U.S.C. § 1915(d). Form questionnaires were submitted to each of the petitioners and were completed in such manner that no substantial additional allegations of fact were included.

By some means, not apparent from the file, the District Judge obtained access to the records of the prison where the petitioners had been confined, and to the records of the state trial court by which the petitioners had been convicted and sentenced. Again we note that the respondent was never served with process and filed no answer, motion or other responsive pleading to the complaint.

■ The District Judge recognized that this Court does not encourage dismissal of a complaint without notice to the plaintiffs or without affording them an opportunity to be heard. Brown v. Strickler, 422 F.2d 1000 (6 Cir. 1970).

The trial judge relied upon an opinion handed down in the Eastern District of Michigan, Kregger v. Posner, 248 F. Supp. 804 (E.D.Mich.1966), in which it was stated, at page 806:

"In an action for damages under the Civil Rights Act, the plaintiff must allege highly specific facts."

Since that time the Supreme Court of the United States has decided Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), where in a per curiam opinion the Court held:

"We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (Citations omitted).

■■ On this record we are unable to determine the weight given by the District Judge to the records of the state prison and the state court. We hold that in determining whether a complaint sets forth facts upon which relief can be given or whether a complaint is frivolous a trial judge has no authority to resort to material not within the public knowledge which has been neither pleaded nor offered in evidence. We hold no opinion as to the ultimate merits of the complaints of these petitioners. There should be proper service of process and appropriate pleadings or motions by the respondent.

The judgment of the District Court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.