**Robert E. GOFF, Jr., Plaintiff-Appellant,**

v.

**Clarence JONES et al., Defendants-Appellees.**

**No. 74–1755.**

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

Sept. 12, 1974.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Robert E. Goff, Jr., pro se.

Henry Wade, Crim. Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for defendants-appellees.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Plaintiff Robert E. Goff, Jr., a Texas state prisoner presently incarcerated in the Dallas County jail, brought this *pro se* action under 42 U.S.C. § 1983, alleging that the Sheriff and two named deputies failed and refused to provide him with access to "legal research materials such as the 1974 Texas Criminal Code in order to adequately prepare himself" for a probation revocation hearing, thus depriving him of "access to the courts in a manner of reasonable preparedness to defend himself." Plaintiff further alleged that, because he was not adequately prepared, the probation hearing scheduled for February 15, 1974, was postponed. He sought a judgment from the United States District Court ordering that research materials be made available and that written communications be allowed between prisoners to aid in preparation of legal papers; he also sought compensatory and punitive damages. The record reveals no motions or response of any kind on behalf of the defendants.

The district court, adopting the findings and conclusions of the magistrate, dismissed plaintiff's complaint "for failure to state a claim for which relief can be granted in light of the provision by the state of counsel at state expense to represent the Plaintiff in connection with his probation revocation hearing." The court apparently gleaned the information that the state had provided counsel from a complaint filed by plaintiff in a separate habeas corpus proceeding (N.D.Tex., Dallas Division, CA 3–74–

194D). In that complaint plaintiff alleged:

19. On February 15, 1974, Petitioner was suddenly taken to court where he was told a hearing for revocation was being held. Upon arriving at court he was met by a probation officer who stated that probation was going to be revoked and Petitioner was going to Texas Department of Corrections for three (3) years.

20. At this time Petitioner asked if counsel would be appointed and a Mr. Sucherman was introduced. He stated that Petitioner would have to sign "some papers" before the hearing could begin. It was discovered that these "papers" constituted a waiver of right to appeal . . . . Not wanting to waiver his right of appeal Petitioner returned to jail.

Plaintiff was not afforded any opportunity to expand or amend his complaint in order to respond to the unexpected consideration of the habeas petition as evidence in this case.

 It is, of course, firmly established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 1957, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80; see Cook & Nichol, Inc. v. Plimsoll Club, 5 Cir. 1971, 451 F.2d 505, 506, and cases cited therein. Courts must adhere to this rule with particular care in considering the allegations of a *pro se* complaint, which are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 1972, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652.

 Although probation revocation is not a stage of a criminal prosecution, it does result in a loss of liberty; consequently, a probationer must be accorded due process of law. Gagnon v. Scarpelli, 1973, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656. And the Constitution requires that prisoners be granted "reasonable access to the courts," including "the tools necessary to receive adequate hearing in the courts." Gilmore v. Lynch, N.D.Cal.1970, 319 F.Supp. 105, 109 (three-judge court), aff'd, 1971, 401 U.S. 906, 91 S.Ct. 864, 27 L.Ed.2d 804. By his pleadings in the case at bar, plaintiff alleges, in effect, that the Sheriff and his deputies denied him due process and reasonable access to the courts by failing to provide him with legal materials with which to prepare his defense. Clearly, under some sets of facts plaintiff would be entitled to relief.

 Possibly the presence of a lawyer at the probation revocation hearing is sufficient to defeat plaintiff's claim. However, given the nature of the legal assistance provided, as it appears from the allegations of plaintiff's habeas complaint, it is at least questionable whether counsel was an adequate substitute for legal materials as "the tools necessary" to prepare his case. Moreover, we are particularly reluctant to uphold a dismissal for failure to state a claim when it is based on material which is not within the public knowledge and which has been neither pleaded nor offered in evidence. See Martin v. Johnson, 6 Cir. 1973, 471 F.2d 704.

 We therefore reverse the judgment below and remand for further proceedings. We intimate no view as to what will be the final outcome or even as to how far the case will proceed. All we have determined is that the complaint states a claim and cannot be disposed of on the pleadings.

Reversed and remanded.