**Martin GUERRERO, Jr., Plaintiff-Appellant,**

v.

**W. B. HAUCK, Individually and as the Sheriff of Bexar County, Texas, Defendant-Appellee.**

**No. 73-3971**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 7, 1974.

Rehearing Denied Nov. 14, 1974.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**580**

---

Martin Guerrero, Jr., pro se.

John L. Hill, Atty. Gen.; Austin, Tex., Norris W. Yates, Jr., Asst. Crim. Dist. Atty., San Antonio, Tex., for defendant-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Martin Guerrero, the plaintiff-appellant, brought this action under the Civil Rights Act, 42 U.S.C. § 1983, seeking compensatory and exemplary damages against W. B. Hauck, sheriff of Bexar County, Texas. He contended that Hauck had wrongfully placed him in solitary confinement while he was a prisoner in the Bexar County Jail. The district court, citing a number of decisions of other circuits and of the district courts in this circuit, held that merely placing a prisoner in solitary confinement, even if wrongful, is not actionable under § 1983 in the absence of bad faith or of some type of abuse of the prisoner. Guerrero had not alleged bad faith on the part of the sheriff; had not alleged that he had been abused; and had not alleged that the conditions in solitary were oppressive, inhumane, or damaging to him. Accordingly, the district court dismissed the complaint for failure to state a claim. The order of dismissal explicitly provided that the dismissal was with prejudice.

Guerrero filed a motion to vacate judgment under Fed.R.Civ.P. 60(b). He alleged that the district court erred in dismissing his complaint with prejudice. The trial judge denied that motion to vacate. Guerrero filed a notice of appeal from the order of the district court denying the motion to vacate. On appeal, he again contends that the trial judge erred in dismissing with prejudice.

■ A dismissal with prejudice for failure to state a claim should not be entered "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". Conley v. Gibson, 1957, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80; Haines v. Kerner, 1971, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652. This is particularly applicable, when, as in this case, the plaintiff is appearing *pro se*, and the allegations of the complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers". Haines, *supra*, at 520, 92 S.Ct. at 596.

Here, the district court's opinion predicated the dismissal upon defects in the pleadings. The district court held that:

> [t]he matter of internal management of prisons or correctional institutions is vested in and rests with the heads of those institutions operating under statutory authority, and their acts and administration of prison discipline and overall operation of the institutions are not subject to court supervision or control, absent most unusual circumstances, or absent a violation of a constitutional right.

The court emphasized that the plaintiff had not alleged abuse of the prisoner, and had not alleged any other "unusual circumstance" necessary to remove this case from the rule, assumed by the district court, against judicial supervision of internal prison administration. These were defects which might have been cured by amendment. These defects did not render it "beyond doubt", *Conley, supra,* 355 U.S. at 45, 78 S.Ct. 99, that the plaintiff could not prove any set of facts which would show that the manner in which he was placed in solitary confinement, or the conditions of his confinement, violated his constitutional rights.

This case is controlled by the Supreme Court's decision in *Haines*. There the Court said:

> Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'.

404 U.S. at 520–521, 92 S.Ct. at 595.

Accordingly, we hold that the district court erred in attaching prejudice to the dismissal of Guerrero's complaint, and in denying Guerrero's Rule 60(b) motion to vacate on grounds that prejudice should not have attached. The case is remanded with the suggestion that the district court modify that part of its October 30, 1973, order of dismissal attaching prejudice to the dismissal, and stand ready to entertain an amended or modified complaint.

Reversed and remanded.