**Isiah HINES, Plaintiff-Appellant,**

**v.**

**Reubin O'D. ASKEW et al., Defendants-Appellees.**

**No. 75–1323**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 16, 1975.

Isiah Hines, pro se.

Raymond W. Gearey, Glenn N. Smith, Asst. Attys. Gen., Robert L. Shevin, Atty. Gen., Tallahassee, Fla., for defendants-appellees.

Appeal from the United States District Court for the Northern District of Florida.

Before WISDOM, BELL and CLARK, Circuit Judges:

PER CURIAM:

Isiah Hines, a prisoner in the Florida Correctional System, appeals from the summary grant of the State's motion to dismiss his *pro se* 42 U.S.C. § 1983 complaint in forma pauperis. We vacate the judgment below and remand for further proceedings.**

In a 1973 complaint filed in the United States District Court for the Middle Dis-

---

\* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

\*\* Summary Disposition of this case is appropriate. *See* Groendyke Transportation, Inc. v. Davis, 406 F.2d 1158 (5th Cir. 1969).

trict of Florida petitioner sued prison officials alleging discriminatory denial of medical treatment and denial of medication prescribed by V.A. neurologists for control of epileptic seizures. This complaint was supplemented to charge that in retaliation for having filed suit, prison authorities had discriminatorily denied him school furlough privileges and had transferred him from medium security Avon Park Correctional Institution to Highlands County jail, where he was denied medication for controlling his seizures and held incommunicado in a pest infested cell. While an appeal from denial of relief was pending it was made to appear that petitioner had been returned to the general prison population and the privilege he sought had been restored. This court dismissed his appeal as moot. Hines v. Wainwright, 488 F.2d 551 (5th Cir. 1974).

In a 1974 Middle District action Hines renewed his complaints of retaliatory punishments for resort to the courts and added assertions that his mail was censored and prejudicially delayed, and that he was denied a transcript of his trial to use on direct appeal. The District Court for the Middle District dismissed Hines' complaint on grounds that the same issues were involved in two other suits then pending in that court. Both that court and this court denied Hines' motion for leave to appeal in forma pauperis from this dismissal.

Hines' present Northern District complaint in which the Governor is a defendant, read broadly, charges that prison authorities under the Governor's control, all in retaliation for Hines having filed federal lawsuits, transferred him from prison to prison, withheld seizure-control medicine, and denied him furlough privileges. He additionally alleged that he had been deprived of the privilege of attending vocational school because of his race. As relief, appellant sought special damages of 3,500.76 dollars for the loss of over twelve months' schooling benefits under the G.I. Bill and general damages of 1.5 million dollars.

The District Court for the Northern District of Florida granted Hines' motion for leave to proceed in forma pauperis. However the court did not rule on Hines' 28 U.S.C. § 1915(d) motion for appointment of counsel.[1] The court granted defendant's motion to dismiss on grounds that federal courts will not interfere with internal prison administration and that Hines' allegations did "not rise to the level contemplated by section 1983."

The grounds assigned will not support the order of dismissal. *See, e. g.,* Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1973); Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Patterson v. MacDougall, 506 F.2d 1 (5th Cir. 1975); Newman v. State of Alabama, 503 F.2d 1320, 1329–1333 (5th Cir. 1974); Guerrero v. Hauck, 502 F.2d 579 (5th Cir. 1974); Gates v. Collier, 501 F.2d 1291 (5th Cir. 1974); Goff v. Jones, 500 F.2d 395, 397 (5th Cir. 1974); Henderson v. Thrower, 497 F.2d 125 (5th Cir. 1974); Jones v. Connors, 496 F.2d 82 (5th Cir. 1974); Holland v. Connors, 491 F.2d 539 (5th Cir. 1974); Cruz v. Hauck, 475 F.2d 475 (5th Cir. 1973); Campbell v. Beto, 460 F.2d 765 (5th Cir. 1972); Cook & Nichol, Inc. v. Plimsoll Club, 451 F.2d 505, 506 (5th Cir. 1971). Without intimating any view on the merits of petitioner's assertions, we remand for further proceedings not inconsistent with this opinion. Such proceedings may include, but are not limited to a determination of the viability of petitioner's class action allegation and of his right to maintain this action against the Governor.

Vacated and remanded.

---

1. Neither did the court rule on *Hines'* subsequent "Amendment Motion For To Cease and Desist" (sic), filed November 13, 1974, which alleged, inter alia, arbitrary, discriminatory, and retaliatory application of inmate directive 17.05—"Notarization and Processing"—in violation of a federal district court directive, and requested a hearing together with injunctive relief.