Rocky Lee **FONTAINE,**
Plaintiff-Appellant,

v.

**T. J. WALLS et al.,**
Defendants-Appellees.

No. 75–1992
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 11, 1975.

Rehearing and Rehearing En Banc Denied
Sept. 24, 1975.

Rocky Lee Fontaine, pro se.

S. G. Johndroe, City Atty., Fort Worth, Tex., for defendants-appellees.

Before THORNBERRY, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

Rocky Fontaine appeals from a judgment of the district court dismissing without prejudice his in forma pauperis suit for damages against the Fort Worth Chief of Police and two of his men based upon alleged physical mistreatment. Fontaine is presently incarcerated in the Tarrant County Jail, awaiting trial on a charge of capital murder. His complaint asserts jurisdiction under 28 U.S.C. §§ 2201–02, and 42 U.S.C. §§ 1981, 1983, and 1985. We understand Fontaine to allege two factual bases for imposing liability: (1) excessive force by officer Hudson while conveying appellant from one place to another in the jail, and (2) improper conduct by the police in placing Fontaine in solitary confinement and holding him incommunicado for over forty-eight hours. The district court referred initial consideration of appellant's complaint to a magistrate. Citing Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 and Alexander v. Emerson, 5 Cir. 1973, 489 F.2d 285, the magistrate recommended that the action be dismissed without prejudice on the ground that all of Fontaine's contentions could and should be presented first to the state courts. The district court adopted the magistrate's recommendation and dismissed Fontaine's complaint. We vacate and remand.

Unlike the "wrongful imprisonment" suit involved in Alexander v. Emerson, *supra,* this action is not a thinly disguised collateral attack on the plaintiff's criminal conviction. Appellant has not been convicted of anything; there has been no trial. Nor is Fontaine's suit in

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

substance a petition for writ of habeas corpus: he seeks neither outright release from confinement nor a shorter period of incarceration. *See* Preiser v. Rodriguez, 1973, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439; *cf.* Granville v. Hunt, 5 Cir. 1969, 411 F.2d 9. Appellant's action is nothing more, and nothing less, than a classic § 1983 damages suit.[1] Hence, the exhaustion requirement applicable to habeas corpus actions is not relevant here. Preiser v. Rodriguez, *supra*.

Because we disagree with the lower court's reasons for dismissing appellant's complaint, we vacate its judgment and remand for further proceedings. *See* Hines v. Askew, 5 Cir. 1975, 514 F.2d 673. We express no view whatever on the substance of appellant's claims or on appellees' contention that this cause is liable to summary disposition on the merits. These matters must be taken up in the first instance in the court below.

Vacated and remanded.

1. This is not a case "where disposition of the damage action would involve a ruling implying that a state conviction is or would be illegal." Guerro v. Mulhearn, 1 Cir. 1974, 498 F.2d 1249.