Johnnie WILLIAMS, Jr., Petitioner-
Appellant,

v.

Louie L. WAINWRIGHT, Director, Divi-
sion of Corrections, State of Florida,
Respondent-Appellee.

Robert WALDEN, Jr., Petitioner-
Appellant,

v.

Louie L. WAINWRIGHT, Director, Divi-
sion of Corrections, State of Florida,
Respondent-Appellee.

Willie RAINGE, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Divi-
sion of Corrections, State of Florida,
Respondent-Appellee.

Lawrence Doyle CONKLIN, Petitioner-
Appellant,

v.

Louie L. WAINWRIGHT, Director, Divi-
sion of Corrections, State of Florida,
Respondent-Appellee.

Nos. 27556, 27954, 28058 and 28479
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 13, 1972.

Johnnie Williams, Jr., pro se.

Robert Walden, pro se.

Willie Rainge, pro se.

Lawrence D. Conklin, pro se.

Earl Faircloth, Robert L. Shevin, At-
tys. Gen., Wallace E. Allbritton, Michael
L. Minerva, Asst. Attys. Gen., Tallahas-
see, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief
Judge, and MORGAN and INGRAHAM,
Circuit Judges.

PER CURIAM:

In this consolidated appeal four in-
mates of the Florida State Prison at
Raiford seek relief against alleged depri-
vations of constitutional rights resulting
from their confinement in that institu-
tion. The District Court dismissed each
of the complaints without a hearing or
any other sort of factual investigation
on the theory that the practices in ques-
tion were within the scope of the broad
official discretion permitted in connec-
tion with the operation and administra-
tion of State prison systems.

---

* ■ Rule 18, 5 Cir.; see Isbell Enterprises,
Inc. v. Citizens Casualty Company of New

York et al., 5 Cir., 1970, 431 F.2d 409,
Part I.

We vacate and remand for further development of the facts. Haines v. Kerner, 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652; Cruz v. Beto, 1972, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263; Gilmore v. Lynch, N.D.Cal., 1970, 319 F.Supp. 105, affirmed sub nom. Younger v. Gilmore, 1971, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142; Novak v. Beto, 5 Cir., 1971, 453 F.2d 661; Campbell v. Beto, 5 Cir., 1972, 460 F.2d 765. As in *Campbell* we intimate nothing regarding the merit or lack of merit of any of the allegations raised in the complaints, nor do we attempt to prescribe the form which the necessary factual inquiry should take. Whether these claims should be graced with a full-fledged evidentiary hearing or disposed of by utilization of the wide variety of available discovery techniques is a matter properly to be decided by the District Judge. As in other civil cases the usual standards prevail. See Tyler v. Peel Corp., 5 Cir., 1967, 371 F.2d 789, 791–792 and cases cited therein.

Vacated and remanded.