**Robert G. McCRAY, Plaintiff-Appellant,**

v.

**W. M. FONDRE, Commissioner of State Board of Corrections, State Pardon and Parole Board, et al., Defendants-Appellees.**

No. 71-2470
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 28, 1972.

Robert G. McCray, pro se.

William J. Baxley, Atty. Gen. of Ala., John A. Yung, IV, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

**PER CURIAM:**

Robert G. McCray, an inmate of the Alabama prison system, sought to file a civil rights complaint seeking relief for asserted deprivations of Federal constitutional rights resulting from a variety of alleged abuses in the administration and operation of the Holman Unit at Atmore, Alabama. Many of the allegations involved claims of racial discrimination,

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New

and there were specific charges that on two separate occasions McCray was beaten by prison guards without provocation. The District Court concluded that the beatings "appear to be isolated instances amid the disciplinary necessities of prison routine" and refused to permit the complaint to be filed in forma pauperis.

We vacate the District Court's order and remand for further proceedings consistent with our opinion in Williams v. Wainwright, 5 Cir., 1972, 461 F.2d 1080 and companion cases.

Vacated and remanded.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harding Troy KENDRICK, Defendant-Appellant.**

No. 71-3080.

United States Court of Appeals, Ninth Circuit.

Aug. 1, 1972.

Morton L. Shatzkin (argued), Studio City, Cal., for defendant-appellant.

Robert C. Bonner, Asst. U. S. Atty. (argued), Eric A. Nobles, Asst. U. S. Atty., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, JERTBERG and MERRILL, Circuit Judges.

**PER CURIAM:**

The judgment of conviction in this case involving counterfeit currency is affirmed.

Exception is taken to matters involving the trial court's discretion. We find no error.