Donald **GARDNER** and John David Rankin et al., Plaintiffs-Appellants,

v.

**J. F. THOMPKINS,** East Unit Warden, etc., et al., Defendants-Appellees.

No. 72-2462.

United States Court of Appeals, Fifth Circuit.

July 28, 1972.

Don Gardner, pro se.

Robert L. Shevin, Atty. Gen., Tampa, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, GOLDBERG and MORGAN, Circuit Judges.

**PER CURIAM:**

Nine inmates of the maximum security section of the Florida State Prison at Raiford sought to file a civil rights complaint seeking injunctive relief for asserted deprivations of Federal constitutional rights resulting from their confinement in administrative segregation apart from the general prison population. They alleged (i) denial of the right to have legal documents notarized in their presence and to retain such notarized documents in their possession, (ii) denial of outdoor yard, movie and canteen privileges, (iii) denial of clean razors and shaving mirrors, and (iv) de-

nial of the right to assemble together for religious services. The District Court, finding the allegations frivolous, denied permission to file the complaint in forma pauperis. We affirm.[1]

 When a State prisoner asserts a claim which, if proven, could potentially evolve into a substantial Federal question of constitutional proportions, he is ordinarily entitled to an opportunity to prove his allegations. Williams v. Wainwright, 5 Cir., 1972, 461 F.2d 1080 and companion cases. Here, however, even conceding the truth of each of the allegations, we cannot conclude that any of them involve actual or potential constitutional significance. If corrections are required, they must be implemented by the appropriate prison officials. Granville v. Hunt, 5 Cir., 1969, 411 F.2d 9, 12.

Affirmed.

1. It is appropriate to dispose of this case summarily. See Groendyke Transport, Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158.