Charles Arthur HUGUENOT, Plaintiff-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Defendant-Appellee.

No. 28100

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 28, 1972.

Charles A. Huguenot, pro se.

Robert L. Shevin, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., Tallahassee, Fla., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Charles Arthur Huguenot, an inmate confined in the maximum security section of the Florida State Prison at Raiford, filed a complaint seeking injunctive relief against an asserted deprivation of Federal constitutional rights resulting from the failure of prison officials to establish "probable cause" for placing him in administrative segregation.[1] The plaintiff was accused of throwing a knife into a trash can following a disturbance in a part of the prison's East Unit known as K-Wing. He denies having participated in the disturbance or in any attempt to dispose of the knife.

We affirm the District Court's dismissal of the complaint. When a State prisoner asserts a claim which, if proven, could potentially evolve into a substantial Federal question of constitutional proportions, he is ordinarily entitled to an opportunity to prove his allegations. Williams v. Wainwright, 5 Cir., 1972, 461 F.2d 1080 and companion cases. Here, however, even conceding the truth of Huguenot's contention that prison officials did not have "probable cause" for removing him from the general prison population, we cannot conclude that the strictures of procedural due process or any other constitutional provision precluded such action. Granville v. Hunt, 5 Cir., 1969, 411 F.2d 9, 12.

Affirmed.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. The complaint did not attack the conditions of confinement or any of the restrictions associated with it.