**W. T. HUTCHENS, Plaintiff-Appellant,**

v.

**STATE OF ALABAMA, Defendant-Appellee.**

**No. 72–2750.**

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1972.

508

W. T. Hutchens, pro se.

William J. Baxley, Atty. Gen., Montgomery, Ala., for defendant-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Under the unusual circumstances present here, we deem it in the interest of justice and judicial economy to dispose of this pro se appeal summarily.[1]

Petitioner is an inmate of the Alabama State Prison system, who alleges that he is suffering from a cancerous disease of the palate and throat which has been medically determined to be terminal. He complains of the failure of prison officials to meet minimum medical needs *subsequent* to his discharge from hospitalization. His present life expectancy is alleged to be less than two months.

The district court treated petitioner's pleadings as an application for habeas corpus relief (28 U.S.C.A. § 2254) and as an action to secure civil rights (42 U.S.C.A. § 1983). After considering the written response of the State of Alabama, the court dismissed the cause without a hearing. To the extent that the petitioner sought habeas-type relief in the form of a court compelled transfer to a particular prison institution, the action of the court is affirmed. However, to the extent that the petitioner alleges a *present* daily lack of medical attention and medication which both produces intolerable pain and further shortens his life expectancy, dismis-sal on the pleadings was improper regardless of the medical strength of the showing made by the State as to *past* medical efforts. The proper disposition of this part of this case is controlled by Campbell v. Beto, 460 F.2d 765 (5th Cir. 1972) and Williams v. Wainwright, 460 F.2d 1080 (5th Cir. 1972), rather than by Flint v. Wainwright, 433 F.2d 961 (5th Cir. 1970).

Affirmed in part, and in part vacated and remanded.

---

1. It is appropriate to dispose of this case summarily. See Groendyke Transport, Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158.