James E. BILTON, Jr., Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72-2375.

United States Court of Appeals, Fifth Circuit.

Dec. 27, 1972.

Charles T. Newton, Jr., Houston, Tex. (Court Appointed), for petitioner-appellant.

Crawford Martin, Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Lang A. Baker, Austin, Tex., for respondent-appellee.

Before GODBOLD, DYER and CLARK, Circuit Judges.

PER CURIAM:

In this civil rights suit brought under 42 U.S.C.A. § 1983, appellant, a Texas prisoner, alleged that Texas prison officials forced him to perform strenuous labor and refused to furnish medical treatment for his heart disease. On March 30, 1972, the court below dismissed the suit for failure to allege the presence of "exceptional circumstances" warranting interference in prison administration, citing, inter alia, Flint v. Wainwright, 5 Cir. 1970, 433 F.2d 961.

Nineteen days after this order of dismissal was entered, we announced our decision in Campbell v. Beto, 5 Cir. 1972, 460 F.2d 765, in which we held that summary dismissal of a civil rights suit alleging a "grave and immediate threat to health or physical well being" was improper. 460 F.2d at 768.

It is understandable that the district judge, reading Flint, supra, without the benefit of our subsequent opinion in Campbell, supra, would have concluded that summary dismissal was proper in this case. Moreover, it might well be argued that appellant did not allege as extreme a case as was present in Campbell. See McCombs, The Fundamentals of Internal Medicine 313–315 (1965). Nevertheless, since appellant did allege that appellees' conduct subjected him to the risk of "serious bodily injury and possible death," Complaint p. 4, he should have been afforded the opportunity to substantiate his claim. Campbell, supra; Williams v. Wainwright, 5 Cir. 1972, 461 F.2d 1080. See also Bowman v. Hale, 5 Cir. 1972, 464 F.2d 1032; Hutchens v. Alabama, 5 Cir. 1972, 466 F.2d 507.

Vacated and remanded.