491 F.2d 539
 Benjamin HOLLAND, 030902, Plaintiff-Appellant,
v.
K. D. CONNORS, Superintendent of Sumter Correctional
Institution, Defendant-Appellee.
No. 73-3352 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of N.Y. et al., 5th Cir. 1970, 431
F.2d 409, part I.
 United States Court of Appeals, Fifth Circuit.
 March 22, 1974.
 
 Benjamin Holland, pro se.
 Robert L. Shevin, Atty. Gen., Daniel S. Dearing, Asst. Atty. Gen., Thomas A. Harris, Asst. U.S. Atty., Tallahassee, Fla., for defendant-appellee.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Benjamin Holland, an inmate lawfully incarcerated by the state of Florida at its Sumter Correctional Institute, brought this Section 1983 action against the prison superintendent, K. D. Connors, seeking declaratory and injunctive relief and monetary damages for deprivation of rights secured to him by the Constitution. The district court dismissed the complaint without a response or a hearing. We vacate and remand.
 
 
 2
 Holland's pro se complaint unadroitly alleged that two prison guards, who believed he was a participant in the homosexual rape of another prisoner, detained him in an isolation cell-block in the course of their investigation of the incident. His interrogators, allegedly 'well known for their brutal tactics and dehumanizing stunts on inmates,' 'took off their shirts and began to flinch at (him) in an aggressive manner' and threatened him with bodily harm unless he implicated the other inmates involved in the assault. Fearing injury, Holland divulged the names of several fellow prisoners whom he now asserts were falsely implicated since he, Holland, really had no knowledge of the incident. Holland further alleged that as a result of the terrorizing interrogation, 'he has partially lost his vision and a homosexual document was placed in his prison record,' which hinders his chances for parole. In addition, he claimed that this same event caused him to be placed for an indefinite term in administrative confinement and denied all privileges enjoyed by other inmates without a disciplinary hearing or any other of the elementary rudiments of due process. Jurisdiction was founded on 28 U.S.C. 1331, 1343(3) and 42 U.S.C. 1983, 1988.
 
 
 3
 Holland also alleged that Connors was legally responsible for these acts of his subordinates, despite the fact that the Superintendent was not present during the illegal questioning, because such practices were so widespread and had been standard procedure at the institution for so long that he was or must have been aware of them. On the same day that the complaint was filed, the district court dismissed it, reasoning that (1) Holland had failed to explicate any causal connection between the intimidating interrogation and the ultimate impairment of his vision, (2) Superintendent Connors was not alleged to have been personally involved in the events upon which the action was grounded and (3) federal courts only interfere with the internal operations and administration of prisons in extreme cases. Because 'we cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,' Conley v. Gibson, 355 U.S. 42, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957),' Haines v. Kerner, 404 U.S. 519, 521-522, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), we must vacate this dismissal.
 
 
 4
 Certainly, the charges that prison authorities coerced a false confession, placed an unwarranted statement relating to a homosexual offense in plaintiff's file and improperly imposed heightened confinement in administrative segregation, if true, would amount to such deprivation of federally protected rights as to form an ample predicate for federal relief under Section 1983. Moreover, fundamental tenets of tort law, negligence and vicarious liability, cardinal doctrines upon which this and other Circuits have invoked prophylactic application of the Civil Rights Act,[1] are sufficiently broad to support such relief against Superintendent Connors on the basis of the bare allegations made.
 
 
 5
 Indeed, in ruling that similar averments by a state prisoner, who instituted Section 1983 proceedings against the governor and other state officers and prison officials, could withstand a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the Supreme Court held that 'whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence.' Haines v. Kerner, supra, 404 U.S. at 521, 92 S.Ct. at 595-596; see Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); see also Parker v. McKeithen, supra.
 
 
 6
 Consequently, without in the slightest intimating any view of the merits of the allegations raised in the complaint sub judice, we vacate the judgment below and remand this cause to the district court for such further fact development, either through a fullfledged evidentiary hearing or utilization of the wide variety of available discovery techniques, which the district judge shall in his discretion prescribe for these claims.[2] See Barlow v. Amiss, 477 F.2d 896 (5th Cir. 1973); White v. Commissioner of Alabama Board of Corrections, 470 F.2d 55 (5th Cir. 1972); Henry v. Van Cleve, 469 F.2d 687 (5th Cir. 1972); Hutchens v. Alabama,466 F.2d 507 (5th Cir. 1972); Williams v. Wainwright, 461 F.2d 1080 (5th Cir. 1972).
 
 
 7
 Vacated and remanded.
 
 
 
 [1]
 See, e.g., Parker v. McKeithen, 488 F.2d 553 (5th Cir. 1974); Tuley v. Heyd, 482 F.2d 590, 594 & cases cited n. 3 (5th Cir. 1973)
 
 
 [2]
 We note that Holland has been transferred to the Florida State Prison, Starke, Florida. This may have mooted his request for an injunction against Superintendent Connors. Moreover, the district court is free to consider whether it should consolidate Holland's due process attack on the actions of prison authorities in placing adverse information in his file and in ordering his confinement in administrative segregation with similar actions by Florida state prisoners in Sands v. Wainwright, 491 F.2d 417 (5th Cir. #73-1192 December 26, 1973), which has recently been remanded for consideration by a three-judge district court in this same district