Terry JONES, Plaintiff-Appellant,

v.

K. D. CONNORS, Superintendent, et al., Defendants-Appellees.

No. 73-3657

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 21, 1974.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Terry Jones, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., for defendants-appellees.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Terry Jones, an inmate incarcerated at the Florida State Prison at Starke, brought this pro se § 1983 action for alleged deprivations of his federal constitutional rights. The district court dismissed the complaint without a response from the state or a hearing. We vacate and remand.

Viewed with the required appellate generosity, Campbell v. Beto, 5th Cir. 1972, 460 F.2d 765, Jones' ineloquently drawn complaint alleges that, in the aftermath of a racial riot at the state's Sumter Correctional Institute, he has been improperly transferred to a maximum security prison, deprived of normal prison privileges, placed in administrative segregation, and deprived of hygienic items, assorted book-writing material, photographs, and legal materials, in violation of either the Eighth Amendment proscription against cruel and unusual punishment [1] or the Fourteenth Amendment's due process and equal protection clauses. He alleges that he has been found innocent of all charges arising out of the racial riot but that he is nevertheless being punished as if he had been found to be a "prime perpetrator." He seeks injunctive relief "setting aside the maximum custody actions and expunging such actions from [his] record, [and] restraining defendants from reporting such actions to the Florida Parole and Probation Commission." He further requests the return of his personal property, a transfer to a minimum security institution, an award of money damages, and a restoration of his normal privileges.

The district court dismissed the complaint on the ground that prison officials' acts of administering prison discipline and operating penal institutions are not subject to court supervision or control absent the most unusual circumstances of constitutional violations. While we would agree that prison officials do have broad discretion in the exercise of their difficult responsibilities, we must also recognize that these officials are subject to the Constitution. Cruz v. Beto, 1972, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263. Specifically, they may not deprive a prisoner of his items for personal hygiene or

---

1. Made expressly applicable to the states through the due process clause of the fourteenth amendment by Robinson v. California, 1962, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758; Parker v. McKeithen, 5th Cir. 1974, 488 F.2d 553.

his legal materials without due process of law. Where the allegation of a deprivation of such property is made, some fact-finding procedure is necessitated. Clayton v. Wade, 5th Cir. 1973, 487 F.2d 595.

■ With regard to the rest of Jones' complaint, we cannot tell from his allegations concerning "maximum custody" whether he is complaining of confinement in administrative segregation or of an improper transfer from a minimum custody to a maximum custody institution or both. In his pro se brief Jones alleges that the prison officials have illegally "place[d] the appellant in solitary confinement." Mindful of the principle that pro se complaints should not be dismissed unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Conley v. Gibson, 1957, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, we believe that dismissal of the complaint even on these remaining allegations was premature. Haines v. Kerner, 1972, 404 U.S. 519, 521–522, 92 S.Ct. 594, 596, 30 L.Ed.2d 652; Holland v. Connors, 5th Cir. 1974, 491 F.2d 539; Parker v. McKeithen, 5th Cir. 1974, 488 F.2d 553.

Only a rather strained logic could lead one to the conclusion that a cause of action under the due process clause is properly asserted for a deprivation of the personal property described here while no cause of action is cognizable for a due process attack on allegedly improperly imposed heightened confinement in administrative segregation, loss of normal prison privileges, the placement of allegedly false information in the prisoner's file, and an allegedly capricious and punitive transfer from minimum to maximum custody. See Holland v. Connors, supra. In comparison with the prisoner's claims of deprivation

of personal property, his other allegations arguably set out official misconduct which could factually be much more serious in terms of its daily impact. Consequently, they too cannot be dismissed without some factual development.

Without intimating in the slightest any view of the merits of the allegations raised in the complaint, we vacate the judgment entered below and remand the case to the district court for such further factual development, either through a full-fledged evidentiary hearing or through utilization of the wide variety of available discovery techniques, which the district court shall in his discretion prescribe for these claims.[2] ·Holland v. Connors, supra.

Vacated and remanded.

---

2. Moreover, the district court is free to consider whether it should consolidate Jones' due process attack on the actions of prison authorities with similar actions brought by Florida state prisoners in Sands v. Wainwright, 5th Cir. 1973, 491 F.2d 417 (cert.

denied in companion case, Guajardo v. Estelle, 42 L.W. 3632, —— U.S. ——, 94 S.Ct. 2403, 40 L.Ed.2d 771, 1974), which has recently been remanded for consideration by a three-judge district court in this same district. Holland v. Connors, supra.