**Jose Luis MALDONADO,**
**Plaintiff-Appellant,**

v.

**Rudolph C. GARZA, et al.,**
**Defendants-Appellees.**

No. 78–1603
Summary Calendar *.

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Jose Luis Maldonado, pro se.

Bill M. White, Dist. Atty., Civil Section, San Antonio, Tex., for defendants-appellees.

Rudolph C. Garza, pro se.

Before MORGAN, CLARK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Jose Luis Maldonado filed this *pro se* action under 42 U.S.C. § 1983 attacking the conditions of his confinement at Bexar County Jail in San Antonio, Texas. Seeking a preliminary and permanent injunction as well as a monetary judgment against the defendant jail officials, Maldonado asserts four constitutional violations. He alleges that he is confined in isolation without benefit of a hearing, that he is barred access to legal materials and legally trained fellow inmates, that he is denied the opportunity for regular physical exercise, and forbidden the benefit of religious services. The district court summarily dismissed the complaint leading to the filing of this appeal in forma pauperis. We conclude that the allegations of this complaint warrant fuller factual development and, accordingly, we vacate and remand.

Maldonado was initially detained in Bexar County Jail on criminal charges unrelated to the present appeal. While confined, he was indicted for murder arising out of the strangling or hanging of a fellow cellmate. As a result of the murder charge, Maldonado was transferred to a cell in isolation with two other inmates. This confinement, according to the complaint, places Maldonado "in isolation 24 hours a day with no more than four feet to walk in either direction." The district judge found Maldonado's allegations constitutionally insignificant and, emphasizing the broad discretion permitted state officials in managing prisons, dismissed the complaint.

We share the lower court's concern regarding federal court intrusion upon the difficult and sensitive decisionmaking that is assigned to state prison officials. However, upon remand, this concern must be balanced against other paramount interests. Initially, we observe that Maldonado's due process claim of entitlement to a hearing prior to the imposition of a more restrictive confinement is ostensibly defeated by *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) and *Montayne v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). Those cases, however, enunciate due process principles for "duly convicted" prisoners.

> The Due Process Clause by its own force forbids the State from convicting any person of crime and depriving him of his liberty without complying fully with the requirements of the Clause. *But given a valid conviction,* the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.

*Meachum v. Fano,* 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451, 459 (1976) (emphasis added). Thus, the Court did not consider the rights of presumptively innocent pretrial detainees, such as the appellant Maldonado. The materials submitted in this appeal indicate that so far, the appellant has not been convicted of either the original charge or the subsequent murder indictment. Lower court decisions, at least prior to *Meachum,* frequently accorded greater due process solicitude to those still innocent in the eyes of law.

> Pre-trial detainees do not stand on the same footing as convicted inmates. . . . [S]ubjecting pre-trial detainees to restrictions and privations other than those which inhere in their confinement itself or which are justified by compelling necessities of jail administration, is a violation of the due process and equal protection clauses of the Fourteenth Amendment.

*Rhem v. Malcolm*, 507 F.2d 333, 336 (2d Cir. 1974), *quoting Brenneman v. Madigan*, 343 F.Supp. 128, 142 (N.D.Cal.1972). *See also Inmates of Milwaukee County Jail v. Petersen*, 353 F.Supp. 1157 (E.D.Wis.1973); *Hamilton v. Love*, 328 F.Supp. 1182 (E.D.Ark. 1971). We suggest no view as to whether due process standards governing changes in confinement vary between the guilty and the presumptively innocent. This issue was neither considered below nor explicated in this appeal. In fact, no brief was filed in this case by the defendants-appellees. On remand, we direct the trial court's attention to the issue of whether *Meachum* and *Montayne* apply to persons incarcerated but unconvicted. Furthermore, if these decisions do govern Maldonado's suit, they require an examination of due process requirements rooted in state law. *Rankin v. Skelton*, No. 76–4316 (1977) (unpublished order). Nothing in the record indicates whether any state regulations applied to Maldonado's transfer, and, if so, whether such requirements were met. "It might usually be said that the absence of regulations in the record would amount to proof that there are no such regulations because the applicant would have the burden of proof of showing their existence and their violation. The peculiar concern of the courts that full opportunity be extended to *pro se* applicants to develop their cases influences the result we reach in this case." *Rankin v. Skelton, supra.*

In addition to the due process propriety of the transfer itself, certain of the imposed conditions require examination. The appellant has alleged a foreclosure of access to law materials as well as law trained fellow inmates. *See Jones v. Connors*, 496 F.2d 82 (5th Cir. 1974). Also, he asserts that his confinement precludes physical exercise, *Dorrough v. Hagan*, 563 F.2d 1259 (5th Cir. 1977), and the opportunity to attend religious services. *See Wilson v. Beame*, 380 F.Supp. 1232 (E.D.N.Y.1974). Allowing wide latitude to *pro se* pleadings, we find that the complaint was adequate to withstand a motion to dismiss "at this time and on this skimpy record." *Franklin v. Fortner*, 541 F.2d 494 (5th Cir. 1976). We inti-

mate no view of the merits, but require further proceedings to explore fully the allegations by Maldonado. Additionally, the district court may consider whether counsel should be appointed in the subsequent proceedings.

VACATED and REMANDED.