Leo **HENZEL**, Plaintiff-Appellant,

v.

Richard **GERSTEIN** et al.,
Defendants-Appellees,

Robert L. **Shevin**, Attorney General et al., Defendants.

No. 77–2902.

United States Court of Appeals, Fifth Circuit.

Dec. 21, 1979.

Rehearing Denied Jan. 18, 1980.

---

James Hiram Lesar, Washington, D.C., for plaintiff-appellant.

Gerald E. Rosser, Miami, Fla., for Angus M. Stephens, Jr.

Howard T. Jaffe, Hollywood, Fla., Stuart Simon, Dade County Atty., Stephen P. Lee, Asst. County Atty., Miami, Fla., for Gerstein.

Martin S. Friedman, AAG, Dept. of Legal Affairs, Civil Div., Tallahassee, Fla., for Mendelow, Barker, Wainwright, Lawson.

Steven R. Berger, Miami, Fla., for Fink.

William J. Flynn, Miami, Fla., for Jepeway & Rutledge.

Before TUTTLE, GOLDBERG and RANDALL, Circuit Judges.

TUTTLE, Circuit Judge:

Leo Henzel filed suit under 42 U.S.C. § 1983 and § 1985 against eighteen defendants, including prosecutors, a judge, prison officials, private citizens and members of the Florida Parole and Probation Commission. He appeals from a grant of summary judgment in favor of all defendants. We affirm the district court's grant of summary judgment.

In 1965, Henzel was arrested on an information filed by defendant Gerstein, the State Attorney for Dade County, Florida. He was tried and convicted on a charge of grand larceny in connection with transactions involving defendants Gibson, Cipra, and Sambataro. Defendant Turner, judge of the Criminal Court of Dade County, presided at the trial. Henzel was represented by defendants Stephens and Fink. The prosection was handled by defendant Terry, the Assistant State Attorney. After his conviction, Henzel was incarcerated first in the Dade County jail and eventually in the Avon Park Correctional Institute. Defendant Purdy was the sheriff of Dade County, and defendant Wainwright is the director of the Florida Prison System.

While in prison, Henzel initiated a number of appeals and habeas corpus petitions. The defendants Gerstein, Terry, Shevin, Mendelow, Blumenfeld, and Durant participated in these appeals on behalf of the State. Defendants Stephens, Fink, and Jepeway represented Henzel. Henzel was released on parole in 1971. At that time, defendant Lawson was the Florida Parole and Probation Commissioner, and defendant Barker was Henzel's probation officer. Henzel brought suit against these defendants, as well as against Rutledge, Cipra's attorney, alleging violations of 42 U.S.C. § 1983 [1] and 42 U.S.C. § 1985.[2] The district

1. 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. 42 U.S.C. § 1985(3) provides:

(3) If two or more persons in any State or Territory conspire or go in disguise on the high-

court granted summary judgment in favor of all defendants.

## I. THE PROSECUTORS

Henzel alleges that the prosecutors—Gerstein, Terry, Shevin, Mendelow, Blumenfeld, and Durant—were guilty of § 1983 violations in their conduct of the prosecution and various appeals.[3] The alleged unlawful acts include: filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate Henzel's complaints about the prison system, threatening Henzel with further criminal prosecutions, and attempting to persuade Henzel not to sue state officials in return for parole. The district court held that the actions of these defendants were within the scope of their prosecutorial duties and that the defendants were therefore immune from § 1983 damage liability.

Prosecutors are immune from liability in suits under § 1983 for acts that are an integral part of the judicial process. *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1975). This Court, in interpreting *Imbler,* has agreed that prosecutorial immunity extends to a prosecutor's actions in "initiating and pursuing a criminal prosecution and in presenting the state's case . . . . [E]ven where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all

facts." *Prince v. Wallace,* 568 F.2d 1176, 1178–79 (5th Cir. 1978). *See also Sykes v. California,* 497 F.2d 197, 200 (9th Cir. 1974) (immunity extends to filing complaints, instituting arrest or search proceedings, and drawing indictments or informations). The prosecutorial actions that form the basis of Henzel's claims unquestionably fall within the band of prosecutorial immunity. The actions complained of were a necessary and integral part of a prosecutor's role in the judicial system.[4]

We are not persuaded by the plaintiff's argument that immunity should not extend to a prosecutor's conduct in handling appeals. The policy underlying a grant of immunity is the same in both situations—§ 1983 damage liability would "prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." *Imbler v. Pachtman,* 424 U.S. at 427–28, 96 S.Ct. at 993–94. Fear of civil liability could hinder a prosecutor's judgment in conducting a case at the appellate level as well as at the trial level.

## II. THE JUDGE

Henzel maintains that Turner, the trial judge, is liable under § 1983 for trying Henzel when he had no jurisdiction over the case and for failing to correct certain errors that occurred at trial. A judge is absolutely immune from § 1983 damage liability for acts within his judicial capacity, but is not

---

way or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

**3.** Henzel also places Rutledge, Cipra's attorney, in this category, alleging that Rutledge acted as a "special assistant" to the prosecution.

**4.** One alleged violation, if supported, would not be within the scope of prosecutorial immunity. Henzel alleges that Shevin directed an unnamed Assistant Attorney General to persuade him to sign an affidavit agreeing not to sue state officials, in return for parole. Shevin denies any knowledge of this act, and Henzel has not responded with a counter-affidavit sufficient to support his claim. This bare allegation cannot withstand a motion for summary judgment in the face of Shevin's affidavit.

immune when he acts in the absence of all jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331, *rehearing denied,* 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795 (1978). Henzel urges that Judge Turner acted in the absence of jurisdiction since the crime, if committed at all, was committed in New York. This is not the meaning of the "absence of jurisdiction" exception; rather, the exception refers to situations in which a judge acts purely in a private and non-judicial capacity. *See id.; Lucarell v. McNair,* 453 F.2d 836, 838 (6th Cir. 1972) (judge assaulted individual in courtroom). Judge Turner was clearly acting within his judicial capacity when he performed the acts that are the subject of this suit.

### III. THE SUPERVISORY OFFICIALS

The claim against Purdy is based on allegations that Henzel was denied medical treatment while confined in the Dade County jail. Henzel has made similar claims against Wainwright, director of the Florida Prison System, alleging that he was denied medical treatment and the right to practice his religion while confined in the Avon Park Correctional Institution. Defendants Purdy and Wainwright denied any knowledge of the alleged violations, and the plaintiff failed to show a causal connection between the violations and actions of the defendants. Instead, the plaintiff maintains that supervisory officials should be held vicariously liable under § 1983 for the acts of their subordinates. The district court held that Purdy and Wainwright were not liable for acts of their deputies or employees which they did not direct and of which they had no personal knowledge.

■ Supervisory officials need not have participated personally in an act in order to be liable under § 1983 for the consequences of the act, but the plaintiff must show some causal connection between an act of the

official and the alleged violation. A supervisory official may not be held responsible solely on a theory of vicarious liability. *Sims v. Adams,* 537 F.2d 829, 831–32 (5th Cir. 1976).[5] The plaintiff's claim against these defendants must fail because he has not shown any causal connection. *Baskin v. Parker,* 588 F.2d 965, 968–69 (5th Cir. September 24, 1979).

### IV. THE PAROLE AND PROBATION OFFICERS

■ While on parole, Henzel requested permission to visit Massachusetts and New York in connection with certain business ventures. Lawson, the Parole and Probation Commissioner, called the Massachusetts Parole Office to obtain authorization for the visit and to verify the legality of the business contacts. The Massachusetts office placed calls to the businesses. Henzel maintains that, as a result of these calls, the firms refused to continue contractual negotiations with him. He alleges that Lawson's purpose in making the calls was to interfere unlawfully with his business relationships.[6] Lawson's affidavit agrees that the calls were placed to the Massachusetts office, but contends that they were made in a good-faith effort to obtain authorization for the visit, in accordance with the parole board's practice. Lawson concludes by stating that these precautions were taken because Henzel, since his release on parole, had been traveling with known criminals, and the parole board was attempting to prevent his further involvement in criminal activity. The district court granted summary judgment for Lawson on the ground that his affidavit showed that he was performing his duties in good faith, with no reason to know that his actions would violate plaintiff's rights.

State officials are protected by a qualified immunity from § 1983 damage suits upon a showing that they acted in good

---

5. There is no showing that this is a case, such as *Holland v. Connors,* 491 F.2d 539 (5th Cir. 1974), in which constitutional violations in a prison were so widespread that the official "must have been aware of them." *Id.* at 541.

6. Henzel originally included Barker, the parole officer, in this claim. There is no showing that Barker was involved in placing the calls, and Henzel has not argued this point on appeal.

faith and without malice. *O'Connor v. Donaldson,* 422 U.S. 563, 577, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975); *Wood v. Strickland,* 420 U.S. 308, 321, 95 S.Ct. 992, 43 L.Ed.2d 214, *rehearing denied,* 421 U.S. 921, 95 S.Ct. 1589, 43 L.Ed.2d 790 (1975); *Johnson v. Wells,* 566 F.2d 1016, 1018 (5th Cir. 1978). The district court properly granted summary judgment on this issue. Lawson's affidavit, which makes an initial showing of good faith, has not been countered by the necessary proof of malice or bad faith. *See Cruz v. Beto,* 603 F.2d 1178, 1181 (5th Cir. 1979).

## V. THE PRIVATE CITIZENS

The private citizens who are defendants in this case include Gibson, Cipra, Sambataro, and Rutledge, the individuals who filed complaints concerning Henzel, and Stephens, Fink, and Jepeway, the attorneys who represented Henzel. Henzel contends that these individuals acted in concert with the prosecutors and are therefore liable under § 1983. The district court, relying on *Guedry v. Ford,* 431 F.2d 660 (5th Cir. 1970), held that private persons alleged to have conspired with immune state officials cannot be held liable under § 1983, since they are not conspiring with persons acting under color of law against whom a valid § 1983 claim could be stated.

In *Sparks v. Duval County Ranch Company, Inc.,* 604 F.2d 976 (5th Cir. 1979) (en banc), decided after the district court's order was issued, this Court abolished the doctrine of derivative immunity for private persons who conspire with immune state officials. *Id.* at 978 (overruling *Guedry*). In light of *Sparks,* summary judgment for the private citizens in this case may not be upheld on the basis of derivative immunity; however, we agree with the district court's finding that the allegations of conspiracy between private individuals and state officials are wholly conclusory and unsupported, and cannot withstand a motion for summary judgment.

## VI. THE § 1985 CLAIM

In addition to the § 1983 claim, Henzel alleges that all of the defendants were engaged in a conspiracy to deprive him of his constitutional rights, and were therefore in violation of 42 U.S.C. § 1985. We affirm the district court's grant of summary judgment on this issue. Henzel has failed to make the showing of a class-based animus necessary to support a charge under § 1985. *See Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1970). Additionally, the plaintiff has failed to allege facts showing the existence of a conspiracy. The pleadings and affidavits merely contain bare allegations that all of the defendants "conspired" to deprive him of his constitutional rights.

We have considered the additional arguments of the plaintiff, and find no merit in any of these contentions. The district court's summary judgment in favor of all defendants is AFFIRMED.