Brian ROTHSCHILD, Plaintiff,

v.

John FERRIS, Chief Judge of the 17th Judicial Circuit and James Alderman, Chief Justice of the Florida Supreme Court, Defendants.

No. 83–6597–Civ–EPS.

United States District Court,
S.D. Florida,
Miami Division.

Nov. 10, 1983.

Brian Rothschild, pro se.

Eric J. Taylor, Asst. Atty. Gen., Tallahassee, Fla., for defendants.

MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND ORDER OF DISMISSAL

SPELLMAN, District Judge.

THIS CAUSE came before the Court on Defendants' motion to dismiss for failure to state a claim upon which relief can be granted. The Plaintiff in this case, Brian Rothschild, filed this action against Defendants Judge Ferris and Justice Alderman, as well as numerous other actions against judges of the 17th Judicial Circuit and The Fourth District Court of Appeals. Plaintiff accuses the judges, justices, and officials of the State of Florida of conspiring to have Plaintiff's county court case dismissed and refusing to overturn the lower courts' decisions. Plaintiff claims he has been denied his right to appeal by Judge Ferris' refusal to vacate the order of dismissal of his case. Plaintiff claims that Judge Ferris' failure to comply with Plaintiff's desires amounts to a violation of the First, Fifth, and Fourteenth Amendments and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Further, Plaintiff seeks to hold Justice Alderman liable for supporting a state constitutional amendment which revised the jurisdiction of the Florida Supreme Court with regard to appeals. An excerpt from Plaintiff's pleading entitled "Poor Man's Affidavit" summarizes his cause:

THIS IS PLAINTIFFS 18TH CASE ... ALL AS THE RESULT OF WILLFUL [sic] MALICIOUS AND CORRUPT ACTIONS OF JUDGES IN STATE AND FEDERAL COURTS .. FROM MINOR COURTS * (* COURT CLERKS ALSO) TO THE COURTS OF APPEAL OF BOTH STATE AND FEDERAL .. TO DENY ME ACCESS TO COURTS TO TRY MY CASES ON THEIR MERITS .... THEIR MOTIVATIONS ARE MONEY BRIBERY, UNLAWFUL DECISIONS AS FAVORS FOR FRIENDS ... CONSPIRING AIDING AND ABETTING THE FELONIOUS CONDUCT OF OTHER JUDGES BY REFUSING TO LET MY CASES SURFACE TO A JURY OF OUR PEERS ... AND THE PLAIN NATURAL MALICIOUSNESS HAUGHTINESS PUFFED UP FALSE PRIDE OF LITTLE MINDED PEOPLE ELEVATED TO HIGH OFFICE ... THE AUTHORITY FOR THIS STATEMENT IS THE BIBLE, JESUS, AND FORMER JUSTICE BENJAMIN CARDOZZA [sic] and FORMER CHIEF JUSTICE OLIVER WENDELL HOLMES.

For the above mentioned conduct Plaintiff seeks five million dollars from each defendant as "deterrent" damages and five million dollars from each defendant for emotional and mental distress.

The two issues presented in this action are whether the defendants are protected by judicial immunity and whether the Plaintiff has standing to sue another for supporting a constitutional amendment.

*I Judicial Immunity*

The doctrine of judicial immunity is well entrenched in American law. *See*

*Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872). This doctrine was expressly affirmed in actions brought under the Civil Rights Act of 1871 in *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The doctrine of judicial immunity cannot be defeated by procedural errors, maliciousness or acts done in excess of judicial authority. *Stump v. Sparkman*, 435 U.S. 349, 356–62, 98 S.Ct. 1099, 1104–07, 55 L.Ed.2d 331 (1978), *reh. denied* 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795 (1978). Rather, a judge will be liable only when he or she has acted in the "clear absence of all jurisdiction." *Stump, supra*, 435 U.S. at 361, 98 S.Ct. at 1107; *citing Bradley v. Fisher*, 80 U.S. (13 Wall.) 350. "Absence of jurisdiction" was defined in *Henzel v. Gerstein*, 608 F.2d 654 (5th Cir.1979) to mean a situation "in which a judge acts purely in a private and non-judicial capacity." *Henzel* at 658.

In *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir.), the Court enumerated four factors to consider in the determination of whether an act falls within judicial jurisdiction:

(1) the precise act complained of is a normal judicial function;

(2) the events occurred in the judge's chambers or other judicial location;

(3) the controversy centered around a case then pending before the judge;

(4) the confrontation arose directly and immediately out of a visit to the judge in his official capacity.

These factors were again applied in a recent Eleventh Circuit decision, *Brewer v. Blackwell*, 692 F.2d 387 (11th Cir.1982). Clearly any judge who dismisses a case and any judge who affirms such dismissal acts within the *McAlester* factors and is immune from prosecution for those acts.

## II Standing to Sue

Plaintiff here sues Chief Justice Alderman of the Florida Supreme Court for supporting the Florida constitutional amendment to Article V in 1980. Plain-tiff's claim does not present a justiciable issue to this Court.

In order to satisfy Art. III, [of the United States Constitution] the plaintiff must show that he has personally suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant. *Duke Power Co., v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 72 [98 S.Ct. 2620, 2630, 57 L.Ed.2d 595] (1978); *Arlington Heights v. Metroploitan Housing Dev. Corp.*, 429 U.S. 252, 260–261 [97 S.Ct. 555, 560–561, 50 L.Ed.2d 450] (1977); *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38 [96 S.Ct. 1917, 1924, 48 L.Ed.2d 450] (1976); *Warth v. Seldin, supra* [422 U.S. 490] at 499 [95 S.Ct. 2197 at 2205, 45 L.Ed.2d 343]; *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 [93 S.Ct. 1146, 1148, 35 L.Ed.2d 536] (1973).

*Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 99 S.Ct. 1601, 1607, 60 L.Ed.2d 66 (1979).

Any support Justice Alderman may have given to the constitutional amendment is within his First Amendment rights and as such cannot be deemed illegal conduct so as to give rise to a cause of action. Furthermore, in order to have standing, a plaintiff must allege an injury which can be traced to the action of the defendant. *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 42–43, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976). A plaintiff does not have standing if the connection between the defendant's acts and the claimed injury is speculative. *Simon, supra* at 43, 96 S.Ct. at 1926. In this case, whether Justice Alderman's support caused the adoption of the 1980 amendment is speculative. At any rate, the amendment complained of was adopted pursuant to the amendment procedure of Art. XI of the Florida Constitution of 1968 and as such, was the result of an independent act, and does not meet the "fairly traceable" requirement of *Simon*.

Another aspect of standing requires that a favorable decision in the lawsuit must

redress the party's grievances. *Simon, supra* at 38, 45–46, 96 S.Ct. at 1924, 1927–1928. Mr. Rothschild here sues for ten million dollars in damages, but a favorable outcome would in no way affect his ability to appeal his case. As Plaintiff is suing Justice Alderman for supporting an amendment which Plaintiff claims has denigrated his right to appeal, Plaintiff's prayer for damages bears no relationship to his grievance and a favorable outcome would not redress his injuries.

For the reasons stated above, Plaintiff lacks standing in this cause. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's motion to dismiss is GRANTED and this cause is DISMISSED WITH PREJUDICE.