# United States Court of Appeals for the Fifth Circuit

————————

No. 23-10566

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2024

Lyle W. Cayce
Clerk

Jayson Howard Moore,

*Plaintiff—Appellant*,

*versus*

City of Dallas, Texas; Jabari Demaun Howard; Jason Scott Webb; Stephanie Mitchell-Huff; Pamela Griffin; Griffin & Associates, L.L.C.,

*Defendants—Appellees*.

——————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-714

——————————————————————

Before Stewart, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

*Pro se* plaintiff Jayson Howard Moore sued several defendants, alleging they engaged in a conspiracy to frame him for production of child pornography. The district court dismissed Moore's claims. We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10566

I.

A.

Moore was convicted of felony robbery in Dallas County in 2002. In 2015, a community member reported to Jabari Demaun Howard—a detective with the Dallas Police Department who was cross-deputized to work as a federal Task Force Officer ("TFO") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF")—that Moore possessed several firearms. Howard investigated and learned that Moore might have pawned firearms in August 2015. A pawn shop employee later identified Moore out of a photo lineup. In September 2015, ATF seized Moore's pawned firearms.

In October 2015, local law enforcement arrested Moore, and his cell phone and other personal property were inventoried. Shortly thereafter, Howard and other ATF agents took Moore and his property into federal custody. In November 2015, a federal grand jury indicted Moore on one count of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1).

Two weeks later, Howard obtained search warrants for Moore's cell phone, signed by Judge Stephanie Mitchell-Huff, a Texas state judge. These searches uncovered a nude photograph of a child in Moore's text messages. In January 2016, a federal grand jury issued a superseding indictment, charging Moore with both the felon-in-possession count and a new count of production of child pornography.

After a two-year delay to assess Moore's competency to stand trial, a federal grand jury issued a second superseding indictment in May 2018, which removed the child pornography charge. In November 2019, a jury

2

No. 23-10566

convicted Moore of two counts of violating federal firearms statutes.[1] After further delays due in part to winter weather conditions and COVID-19, Moore was sentenced in March 2021 to time served (45 months of custody) and three years' supervised release.[2]

## B.

On March 28, 2022, proceeding *pro se*, Moore sued Howard, Dallas police officer Jason Webb, Judge Mitchell-Huff, the City of Dallas, Texas, and court reporter Pamela Griffin and her court reporting LLC (collectively, "Defendants"). Moore brought several claims under 42 U.S.C. § 1983, alleging that, by framing him for production of child pornography, Defendants engaged in malicious prosecution, abuse of process, denial of due process, intentional infliction of emotional distress ("IIED"), and conspiracy.

On August 18, 2022, Assistant United States Attorney Sarah Delaney appeared on behalf of Howard, explaining that she could represent Howard because he was acting as a federal officer with respect to Moore's case. Moore then moved to disqualify Delaney, alleging Howard had been acting only as a Dallas police officer and thus was not entitled to federal representation. Meanwhile, all Defendants moved to dismiss Moore's claims.

---

[1] In addition to the original felon-in-possession charge under § 922(g)(1), a second count was added in September 2019 charging Moore with possession of a firearm by a person subject to a domestic violence protective order under § 922(g)(8).

[2] Moore appealed his criminal conviction, which remains pending before this Court. *See United States v. Moore*, No. 21-10345 (5th Cir.).

No. 23-10566

In a 40-page opinion, the district court denied Moore's motion to disqualify Delaney, dismissed all his claims with prejudice, and entered final judgment. Moore appeals.

## II.

We review *de novo* a Rule 12(b)(6) dismissal for failure to state a claim. *See Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023). A complaint that fails to state a facially plausible claim must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Facial plausibility" means "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While we accept well-pled facts as true and view them in the light most favorable to the plaintiff, *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023), we disregard "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted).

## III.

Moore raises several arguments on appeal, which we address in turn.

## A.

The district court held Moore failed to state a § 1983 claim against Howard because he was a federal officer for purposes of Moore's allegations. *See Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982) (federal officials, who act under color of federal not state law, "are not subject to suit under § 1983"); *cf. West v. Atkins*, 487 U.S. 42, 49 (1988) (a proper § 1983 defendant must "have exercised power possessed by virtue of state law" (internal quotation marks and citation omitted)). The court then analyzed Moore's allegations as an improperly pled *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971).

4

No. 23-10566

The court declined to extend *Bivens* to this new context and accordingly dismissed Moore's claim.

On appeal, Moore continues to argue that *Bivens* does not apply because Howard was working only as a Dallas police officer when he allegedly "fabricated" evidence and warrants against Moore. We disagree. Howard produced ample evidence showing that he was appointed as a federal ATF officer. Moore raises nothing to the contrary save conclusory allegations. *See Heinze*, 971 F.3d at 479 (we disregard "conclusory allegations, unwarranted factual inferences, or legal conclusions" at Rule 12(b)(6) motion to dismiss (citation omitted)).[3] Accordingly, the district court did not err in dismissing Moore's claims against Howard.[4]

B.

The district court dismissed Moore's claims against Judge Mitchell-Huff based on absolute judicial immunity. Judicial immunity bestows immunity from suit as well as assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). Judges are entitled to absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Immunity yields only in two narrow circumstances: first, for "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial

---

[3] In addition, because Moore does not engage the district court's *Bivens* analysis—in fact arguing that *Bivens* does *not* apply—Moore has forfeited any argument that the district court erred in that regard. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021); *SEC v. Hallam*, 42 F.4th 316, 327 (5th Cir. 2022). Although Moore proceeds *pro se*, he must still grapple with the issues and cite authorities to avoid forfeiture. *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008).

[4] In light of our decision, the district court also did not err in denying Moore's motion to disqualify Delaney from representing Howard.

capacity," and second, "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12.

On appeal, Moore contends Judge Mitchell-Huff lacked jurisdiction to issue the search warrants because no cases involving Moore were pending before her. We disagree. Moore cites no authority for the proposition that judges must have a person's case already pending before them to issue a search warrant. In any event, the "absence of jurisdiction" exception refers to situations where judges act "in a private and non-judicial capacity." *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir. 1979). The district court correctly found that "issuing search warrants is squarely within Judge Mitchell-Huff's jurisdiction, as the presiding judge of the 291st Judicial District Court (Dallas County)."[5]

Moore also argues Judge Mitchell-Huff lacked jurisdiction to issue the warrants because she was not the judge of record in Moore's criminal case. Wrong again. Under Rule 41(b) of the Federal Rules of Criminal Procedure, Judge Mitchell-Huff need not have been the judge "of record" in his criminal case, but only "a judge of a state court of record in the district." FED. R. CRIM. P. 41(b)(1). The district court correctly found that Judge Mitchell-Huff satisfied this requirement as the presiding judge of the 291st Judicial District Court.

Accordingly, the district court did not err by dismissing Moore's claims against Judge Mitchell-Huff.

---

[5] *See* TEX. CONST. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies," except when conferred to another court); *Housley v. Berry*, 15 F.3d 1079 (5th Cir. 1994) (unpublished) (per curiam) (signing search warrant "is a judicial act for which [the judge] is absolutely immune from liability").

C.

Claiming Officer Webb acted in concert with Howard to fabricate evidence of child pornography against him, Moore sued Webb for the common law torts of abuse of process and IIED, malicious prosecution under the Fourth Amendment, and denial of due process under the Fourteenth Amendment. On appeal, Moore argues the district court erred in dismissing these claims on various grounds. We address each of his arguments (or non-arguments, as the case may be) in turn.

1.

The district court dismissed Moore's claims against Webb for abuse of process and IIED, correctly concluding that those are common law torts, not constitutional violations redressable via § 1983. *See Morgan v. Chapman*, 969 F.3d 238, 247 (5th Cir. 2020) ("[T]here is no constitutional right to be free from abuse of process."); *Shinn v. Coll. Station Indep. Sch. Dist.*, 96 F.3d 783, 786 (5th Cir. 1996) (per curiam) ("There is no constitutional right to be free from emotional distress."). On appeal, Moore says nothing about his IIED claim, forfeiting the issue. *Rollins*, 8 F.4th at 397. As to abuse of process, Moore only says "there should be an exception" to the rule that there is no such constitutional right, without citing any authority. Naked hope is not a legal argument, though, and so Moore has forfeited that issue as well. *Ibid.*

2.

The court dismissed Moore's Fourth Amendment malicious prosecution claim based on qualified immunity because, although the Supreme Court recognized such a claim in 2022, *see Thompson v. Clark*, 596 U.S. 36, 42 (2022), this right was not clearly established at the time of Webb's alleged conduct. *See Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023) (holding *Thompson* "overrul[ed] our precedent" denying the

possibility of a constitutional malicious prosecution theory); *see also Guerra v. Castillo*, 82 F.4th 278, 289 (5th Cir. 2023) (affirming dismissal of pre-*Thompson* Fourth Amendment malicious prosecution claim because "this court's caselaw explicitly disclaimed the existence [of such a claim] at the time of [defendant's] alleged conduct"). Moore does not address this aspect of the qualified immunity analysis on appeal. So, he has forfeited the issue and, in any event, fails to show how the district court erred.

3.

The court dismissed Moore's Fourteenth Amendment due-process-fabrication-of-evidence claim as time-barred. *See Morgan*, 969 F.3d at 250 (we have recognized a "due process right not to have police deliberately fabricate evidence and use it to frame and bring false charges against a person"). The limitations period for a § 1983 suit is determined by the forum state's general statute of limitations for personal injury claims. *Allen v. Hays*, 65 F.4th 736, 751 (5th Cir. 2023). In Texas, that period is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). Federal law, however, determines when such claims accrue. *Turnage v. Britton*, 29 F.4th 232, 244 (5th Cir. 2022). Due-process-fabrication-of-evidence claims do not accrue "until the criminal proceedings against the defendant (*i.e.*, the § 1983 plaintiff) have terminated in his favor." *McDonough v. Smith*, 139 S. Ct. 2149, 2154–55 (2019).[6]

Moore argues that favorable termination on his child pornography charge did not occur until March 29, 2021, when the court entered judgment and formally dismissed the remaining charges on the Government's motion. We disagree. Moore cites no authority that favorable termination occurs only

---

[6] *Thompson* addressed a Fourth Amendment malicious prosecution claim. The district court applied *Thompson*'s favorable termination discussion to Moore's Fourteenth Amendment claim. Moore raises no error with respect to that decision, so we do not address it.

at final judgment. Instead, as the district court correctly noted, Moore was on notice much earlier that the child pornography charge would terminate in his favor—at the latest by May 2018, when the grand jury issued a second superseding indictment removing that charge. Yet Moore waited over three years, until March 2022, to file his complaint. Accordingly, we see no error in the district court's dismissing Moore's Fourteenth Amendment due-process-fabrication-of-evidence claim as time-barred.[7]

## D.

The district court dismissed Moore's claims against the City of Dallas because Moore failed to allege an actionable policy under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). On appeal, Moore only points to letters he received from Dallas police supervisors advising him that they received his complaints but declined to investigate them because such complaints should be addressed in the judicial system. Moore claims this evidence shows the City has a "pro-corruption policy." We disregard conclusory allegations like these. *Heinze*, 971 F.3d at 479. As the district court correctly found, Moore's allegations do not plausibly show a municipal policy or practice under *Monell*. *See James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009) (official policy "usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy'" (citation omitted)).

---

[7] In *McDonough*, the plaintiff had been charged, proceeded to trial on those charges, and was acquitted. 139 S. Ct. at 2153–54. Here, by contrast, Moore never went to trial on the child pornography charge. Hence, the prosecution of that charge ended favorably for Moore when there was no longer a charge to prosecute—specifically, when the grand jury issued a second superseding indictment removing that charge.

No. 23-10566

Accordingly, the district court did not err by dismissing Moore's *Monell* claims against the City of Dallas.

## E.

The district court dismissed Moore's claims against court reporter Griffin and her LLC because they were not state actors under § 1983 and because these claims were time-barred. On appeal, Moore merely reiterates conclusory allegations of Griffin's involvement in the conspiracy, which we disregard. *Heinze*, 971 F.3d at 479. Moore has therefore failed to show any error by the district court in dismissing his claims against Griffin and her company.[8]

AFFIRMED.

---

[8] The district court dismissed Moore's conspiracy claims because Moore failed to establish any underlying § 1983 violation. *See, e.g.*, *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) ("[A] conspiracy claim is not actionable without an actual violation of section 1983." (citation omitted)). Because we have affirmed the district court's dismissal of Moore's § 1983 claims, we necessarily affirm the dismissal of Moore's conspiracy claims.

Finally, Moore argues the district court should have let him file a second amended complaint. We disagree. Given the radical insufficiency of Moore's claims, any amendment would have been futile. The district court did not abuse its discretion in denying Moore leave to amend. *See Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022).