PER CURIAM.
Lemuel L. Cole appeals from an order dismissing his complaint against Randi Lazarus and Arlene Sankel (appellees) for their actions as staff attorneys of the Florida Bar. In his complaint, he asserts state and federal due process, equal protection, and civil rights violations along with tort claims against appellees for their failure to refer his complaint against his former attorney, Lorna Owens, to the grievance committee for disciplinary action and to comply with his demand to reopen their investigation.
Appellant contends that the trial court erred in dismissing his complaint because it had jurisdiction to hear his complaint for declaratory judgment and determine whether the procedures used by appellees in the Bar grievance process violated his due process and equal protection rights. We disagree. The Florida Supreme Court has exclusive subject matter jurisdiction to review bar grievance proceedings. See Fla. Const, art. V, § 15; Fla. Bar Rules 3-3.5, 3-7.7.
Appellant has also failed to demonstrate reversible error in the trial court’s dismissal of his complaint without granting him leave to amend. Appellant lacked standing to appeal the Bar’s decision to not discipline Ms. Owens. See Application of Harper, 84 So.2d 700, 702 (Fla.1956); Fla. Bar Rule 3-7.4(i). Moreover, appellees, as duly authorized agents of the Florida Bar, have absolute immunity for their official actions. See Mueller v. The Florida Bar, 390 So.2d 449 (Fla. 4th DCA 1980). Therefore, the trial court did not err in dismissing the complaint without granting him leave to amend because his complaint cannot be amended to state a cause of action. See Gladstone v. Smith, 729 So.2d 1002, 1003 (Fla. 4th DCA 1999).
Finally, we hold that appellant has failed to demonstrate reversible error in the substitution of the Honorable John E. Fennelly for the Honorable Larry Schack in this case. See Fla. R. Jud. Admin. 2.050. Accordingly, we affirm the trial court’s order dismissing appellant’s complaint against Randi K. Lazarus and Arlene K. Sankel.
Affirmed.
DELL, STONE and POLEN, JJ., concur.