[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14444
Non-Argument Calendar
_____

D. C. Docket No. 05-00193-CV-5-RS-EMT

BILL A. CORBIN,

Plaintiff-Appellant,

versus

SUPREME COURT OF FLORIDA,
FLORIDA BAR ASSOCIATION,
STATE OF FLORIDA,
c/o John Ellis Bush, Governor
JOHN F. HARKNESS, JR.,
Executive Director of Florida Bar,
JOHN ANTHONY BOGGS, Staff
Counsel of Florida Bar, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 21, 2007)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Bill A. Corbin, a former Florida attorney proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his third amended civil rights complaint for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine.[1] Corbin, who was disbarred by the Florida Supreme Court in 2002, argues on appeal that he has constitutionally guaranteed liberty and property interests in his law license. Corbin's notice of appeal also stated that he was appealing the district court's denial of his Fed.R.Civ.P. 59(e) motion to alter or amend a judgment. Lastly, Corbin argues that the district court and this Court erred in refusing to grant his motions for leave to proceed on appeal *in forma pauperis*.

## Background

According to Corbin's third amended complaint, in 1996 the Florida Bar ("Bar") filed a false formal complaint against him alleging that he violated the rules of professional conduct by making misrepresentations to the tribunal during a state court proceeding. A state judge acting as referee recommended that the Corbin's attorney license be suspended for six months. Corbin sought review from

---

[1]*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

the Florida Supreme Court, which upheld the suspension but imposed a penalty of 90-days. In 1998, the Bar seized Corbin's trust account records, pursuant to a subpoena, and after reviewing the records, the Bar filed a petition for an emergency suspension of the plaintiff's attorney license. The Florida Supreme Court issued a temporary injunction suspending Corbin from the practice of law and freezing the trust fund accounts. The Bar filed a formal complaint, and the referee recommended disbarment. In 2001, The Florida Supreme Court ordered the disbarment and a "second trial" to prove the charges. Corbin alleges that during the second trial, the Bar admitted that some of the charges were false, but this was covered up by the referee's issuance of a protective order. In 2003, the Florida Supreme Court ordered that Corbin pay restitution and court costs. Additionally, the Bar filed two other formal complaints against Corbin in 1997 and 2000, which were subsequently voluntarily dismissed. Corbin sought relief in the federal district court, claiming violations of his due process, equal protection, and Fourth and Eighth amendment rights.

## I.

As a preliminary matter, to the extent that Corbin argues that the district court erred in denying his motion for leave to proceed on appeal *in forma pauperis* ("IFP") under Fed. R. App. P. 24(a)(1), this order is not a final appealable order,

3

and the proper avenue for review of such an order is a motion for leave to proceed on appeal IFP with us. To the extent that Corbin argues that we erred in denying his motion for leave to proceed on appeal IFP under Fed. R. App. P. 24(a)(5), the proper avenue for making this argument would have been a motion for reconsideration. Corbin had 21 days to file a motion for reconsideration under 11th Cir. R. 27-2, and he failed to do so. Therefore, Corbin's arguments related to IFP are not properly before us.

## II.

Whether the district court correctly determined that the *Rooker-Feldman* doctrine divested it of subject matter jurisdiction is reviewed *de novo. Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 (11th Cir. 2001). Further, we liberally construe allegations contained in *pro se* civil rights complaints. *Brown v. Sikes*, 212 F.3d 1205, 1209 (11th Cir. 2000).

We have held that bar disciplinary actions are judicial in nature. *In re Calvo*, 88 F.3d 962, 965 (11th Cir. 1996). A federal district court may not review the final decisions of a state court of competent jurisdiction. *Rooker*, 263 U.S. at 415-416, 44 S.Ct. at 149. A federal district court lacks jurisdiction to review state court decisions where: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the

4

merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. *Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003). According to the Supreme Court:

> United States District Courts . . . have subject-matter jurisdiction over general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state court judgment in a particular case. They do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court on certiorari].

*Feldman*, 460 U.S. at 486, 103 S. Ct. at 1317, 75 L. Ed. 2d at 225.

The district court properly determined that the *Rooker-Feldman* doctrine barred Corbin's claims. Specifically, the *Rooker-Feldman* doctrine bars Corbin's due process, equal protection, and Fourth and Eighth Amendment claims. Further, Corbin's requests for mandamus relief requiring the retraction of false statements and for an injunction from a state court judgment are also barred by the *Rooker-Feldman* doctrine. According to Corbin's complaint, he was a party and obtained a final judgment in Florida state actions in which his law license was suspended and he was disbarred. Thus, Corbin had an opportunity to raise these specific claims

5

before the Florida Supreme Court. For instance, attorneys are able to raise due process and equal protection challenges before the Florida Supreme Court during their disciplinary proceedings. *See Fla. Bar v. Carricarte*, 733 So.2d 975, 978-979 (Fla. 1999); *Fla. Bar v. Brown*, 905 So.2d 76, 82 (Fla. 2005). Furthermore, these issues were inextricably intertwined with the Florida Supreme Court's judgments. These claims, including his request for an injunction, would succeed only to the extent that the district court determined that the Florida Supreme Court wrongly decided that Corbin should have been disbarred and made to pay restitution.

Although district courts have jurisdiction to review general constitutional challenges to state bar rules, *see Berman v. Fla. Bd. of Bar Exam'rs*, 794 F.2d 1529, 1530 (11th Cir. 1986), the district court correctly determined that Corbin is not making a general challenge to the procedures but challenges the procedures as applied to him. Furthermore, while the district court did not specifically address Corbin's state law claims of privacy infringement, defamation, intentional infliction of emotional distress, third party contract breach, and wrongful injunction, the district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367.

Given that the district court correctly decided it lacked jurisdiction over Corbin's claims because of the Florida Supreme Court decision in the matter, we

6

affirm the dismissal of all Corbin's claims.

**AFFIRMED.**