PER CURIAM.
We affirm the trial court’s determination that M.H.-R. was guilty of resisting a law enforcement officer without violence. See Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County, 542 U.S. 177, 124 S.Ct. 2451, 159 L.Ed.2d 292 (2004) (individual may be required to provide his or her name to law enforcement officer where officer has initiated a valid Terry[1] stop). However, we remand for a new disposition hearing (assuming the issue has not become moot) because of the inconsistencies between the trial court’s oral pronouncement and its written order as to the length of M.H.-R.’s curfew and probationary periods.
AFFIRMED in part; REVERSED in part; REMANDED
GRIFFIN, PALMER and EVANDER, JJ., concur.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).