[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2012
JOHN LEY
CLERK

No. 11-12909
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-03050-VEH


SHERRYL SNODGRASS CAFFEY,

                                                      Plaintiff-Appellant,

versus

ALABAMA SUPREME COURT,
SUE BELL COBB, et al.,

                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 20, 2012)


Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Sherryl Snodgrass Caffey, an attorney formerly licensed to practice in Alabama and appearing pro se, appeals the dismissal of her civil complaint brought under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988 against the following defendants: (1) (a) the Alabama Supreme Court ("ASC"); (b) ASC Justices Sue Bell Cobb, Champ Lyons, Jr., Thomas A. Woodall, Lyn Stuart, Patricia M. Smith, Michael F. Bolin, Tom Parker, Glenn Murdock, and Greg Shaw ("ASC Justices"); (c) ASC Clerk Robert Esdale, Sr.; (d) ASC Staff Attorney Ann Wilson; and (e) Circuit Judge James Woodroof (collectively, the "Judicial defendants"); (2) (a) the Alabama State Bar ("ASB"); (b) Chairman of the ASB Disciplinary Commission F. Michael Haney; (c) ASB Assistant General Counsel Robert Lusk; (d) ASB paralegal Cheryl Rankin; (e) ASB Disciplinary Clerk Bonnie Mainor; and (f) ASB Panel III Disciplinary Board members James Ward, Robert L. Davis, Richard J. R. Raleigh Jr., Robert Moorer, and Joseph Fawal (collectively, the "State Bar defendants"); and (3) Alabama prosecutor Brian Jones.

Appellant Caffey's federal complaint alleged that, after she was held in contempt of court during a state criminal trial, a state bar complaint was filed against her, and she was eventually disbarred by the Alabama Supreme Court. Caffey alleged that the defendants violated her First, Fifth, Sixth, and Fourteenth

2

Amendment rights.[1]  In addition to $50 million in "Compensatory, Consequential,

and Punitive damages," Caffey sought (1) a declaratory judgment that "she has not

been disbarred by the Alabama Supreme Court," (2) entry of an order voiding "all

pending Bar complaints against her," and (3) an order voiding "ab initio the

Criminal Contempt Order" entered against her.

On appeal, Caffey first argues that the district court erred by dismissing her

claims for declaratory and equitable relief under the Rooker–Feldman doctrine.[2]

Under the Rooker–Feldman doctrine, a district court lacks subject matter

jurisdiction over "cases brought by state-court losers complaining of injuries

caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments."

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct.

1517, 1521–22, 161 L. Ed. 2d 454 (2005).  Caffey is a state-court loser

complaining of injuries caused by state court judgments concerning her contempt

and subsequent disbarment, all rendered before the federal district court

---

[1]Caffey's complaint comprises 568 numbered paragraphs spanning 181 pages and is a shotgun pleading.  Adding to the confusion, each purported claim incorporates every preceding paragraph in the complaint.  Thus, it is impossible to tell which factual allegations pertain to which claims.

[2]See Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  "We review de novo a district court's decision that the Rooker–Feldman doctrine deprives it of subject matter jurisdiction."  Doe v. Florida Bar, 630 F.3d 1336, 1340 (11th Cir. 2011).

3

proceeding commenced.  Thus, the district court properly concluded that the Rooker–Feldman doctrine deprived it of jurisdiction to consider Caffey's claims for declaratory or equitable relief.  See Doe v. Florida Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (stating that a lawyer's "as-applied challenges to the Florida Bar's rules regarding confidential peer review are clearly barred by Rooker–Feldman").

Caffey next argues that the district court erroneously concluded that each of the defendants was immune from her claims for monetary relief.  The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.[3]  The Eleventh Amendment bars a suit against a state brought by a citizen of that state.  See Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363, 121 S. Ct. 955, 962, 148 L. Ed. 2d 866 (2001).  This immunity from suit extends to "arms of the State," including state courts and state bar associations.  Kaimowitz v. Florida Bar, 996 F.2d 1151, 1155 (11th Cir. 1993).  The district court correctly concluded that the Eleventh Amendment barred Caffey's claims for monetary relief against the State Bar defendants and the Judicial defendants because, as arms of the state and as state officials, they are

---

[3]We review de novo the district court's dismissal based upon Eleventh Amendment immunity.  Ass'n for Disabled Ams., Inc. v. Fla. Int'l Univ., 405 F.3d 954, 956 (11th Cir. 2005).

4

immune from suit in their official capacity under the Eleventh Amendment.

Furthermore, a judge enjoys absolute immunity from suit unless he acts outside of his judicial capacity or in the clear absence of all jurisdiction.[4] Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Absolute judicial immunity extends both to judges and to other non-judicial officials whose "official duties have an integral relationship with the judicial process." Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994) (quotation marks omitted). The district court correctly concluded that the ASC Justices were acting within their judicial capacity and jurisdiction and were therefore immune from suit. Likewise, Defendants Wilson and Esdale (an ASC Staff Attorney and the ASC Clerk, respectively) enjoy quasi-judicial immunity from monetary damages because Caffey complains of actions they performed under their official duties integral to the judicial process.

Finally, Rule 8.3(a) of the Alabama Rules of Professional Conduct states that "[a] lawyer possessing unprivileged knowledge of a violation of [the Alabama Rules of Professional Conduct] shall report such knowledge to a tribunal or other authority empowered to investigate or act upon such violation." Pursuant to Rule 15 of the Alabama Rules of Disciplinary Procedure, a lawyer acting in compliance with Rule 8.3 of the Alabama Rules of Professional Conduct, and selected

---

[4]We review de novo the district court's grant of judicial immunity. Smith v. Shook, 237 F.3d 1322, 1325 (11th Cir. 2001).

5

members of the Alabama State Bar in the course of their official duties, enjoy absolute immunity from suit. Ala. R. Disciplinary P. 15(b)–(c). Additionally, "[c]omplaints and petitions submitted pursuant to these Rules or testimony with respect thereto shall be absolutely privileged, and no lawsuit predicated thereon may be instituted." Ala. R. Disciplinary P. 15(a).

In accord with Alabama Rule 15, the district court correctly concluded that Defendant Jones, the state prosecutor, enjoyed immunity for filing a state bar complaint against Caffey, and that both Jones and Judge Woodroof enjoyed immunity for testifying during Caffey's disciplinary hearing. In addition, the State Bar defendants enjoyed immunity for actions taken during the course of their official duties. See Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (affirming dismissal of action against members of the state bar acting as "agents of the Florida Supreme Court"; the action was frivolous because the defendants were immune).[5]

**AFFIRMED.**[6]

---

[5]To the extent Caffey argues in her brief that the district court "manipulat[ed]" the docket sheet, her argument is frivolous. To the extent Caffey argues that the district court failed to address any of her claims or failed to give her an opportunity for jurisdictional discovery, we conclude that these arguments wholly lack merit.

[6]Caffey's "Motion to Supplement Plaintiff's Evidentiary Material," filed on December 23, 2011, is denied.