# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-4036

_____

Jack Shepard

*Plaintiff - Appellant*

v.

TheHuffingtonPost.Com, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 5, 2013
Filed: June 7, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this diversity action, Jack Shepard appeals the district court's[1] dismissal of his complaint asserting defamation claims based on an article first published on the

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

internet more than two years before this action was commenced. Shepard also moves to supplement the record on appeal with certain documents and photographs.

Upon careful de novo review, see Northstar Indus., Inc. v. Merrill Lynch & Co., Inc., 576 F.3d 827, 831 (8th Cir. 2009) (de novo review of Rule 12(b)(6) dismissal); see also Salve Regina College v. Russell, 499 U.S. 225, 231 (1991) (de novo review of district court's determination of state law), we agree with the district court that Shepard's complaint was subject to dismissal as time-barred. See Minn. Stat. § 541.07 (actions for libel shall be commenced within 2 years); Church of Scientology of Minn. v. Minn. State Med. Ass'n Found., 264 N.W.2d 152, 155 (Minn. 1978) (under single-publication rule, statute of limitations begins to run when mass-produced publication is first released to public; incidental republication does not restart statute of limitations); see also Yeager v. Bowlin, 693 F.3d 1076, 1082 (9th Cir. 2012) (website is not republished unless defamatory statement is substantively altered or added to, or website is directed to new audience), cert. denied, 12-1047, 2013 WL 686407 (U.S. Apr. 29, 2013); Nationwide Bi-Weekly Admin., v. Belo Corp., 512 F. 3d 137, 144 (5th Cir. 2007) (adopting holding in Firth v. State, 775 N.E.2d 463 (N.Y. 2002) (applying single-publication rule to internet publications)); noting that every court to consider issue since Firth has followed its approach). As to Shepard's tolling argument based on his military service, we agree with the district court that none of his submissions indicated that he was on active military duty at any relevant time. See 50 App. U.S.C.A. §§ 526 (excluding period of military service from statute-of-limitations computation), 511(2)(A)(i) ("military service" means "active duty" in armed services); 10 U.S.C. § 101(d)(1) ("active duty" means full-time duty in active military service).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.  In addition, Shepard's pending motion is denied.[2]

_____

_____

[2]<u>See</u> <u>Dakota Indus., Inc. v. Dakota Sportswear, Inc.</u>, 988 F. 2d 61, 63 (8th Cir. 1993) (generally appeals court cannot consider evidence not contained in record below).