WILLIAM P. DIMITROULEAS, United States District Judge
THIS CAUSE is before the Court on Defendant Miami New Times' Motion to Dismiss Plaintiff's Amended Complaint [DE 31], the Motion to Dismiss filed by Defendants Chief Justice Jorge Labarga, Justice Barbara J. Pariente, Justice R. Fred Lewis, Justice Peggy A. Quince, Justice Charles T. Canady, Justice Ricky Polston, Justice James E.C. Perry, Judge Bronwyn Miller, and Judge Eric Hendon (collectively, the "Judicial Defendants") [DE 32], and The Florida Bar's and Randi Lazarus' Motion to Dismiss [DE 33]. The Court has carefully considered the Motions, the Responses, the Reply,[1] and is otherwise fully advised in the premises.
I. Background
Plaintiff is a former attorney who was suspended for two years in 2013 and permanently *1302 disbarred in 2015 when he continued representing his former client, David Beem, despite the suspension. ¶ 1, 3, 27, 75.[2] The operative pleading is the Amended Complaint ("AC") [DE 20], filed herein on March 12, 2018. The AC alleges numerous federal and state law claims against all those who prosecuted and adjudicated the disciplinary cases, including the Judicial Defendants (made up of the Florida Supreme Court Justices, and two Miami-Dade Circuit Judges appointed as referees by the Florida Supreme Court), The Florida Bar, and Bar counsel (Lazarus). The AC also brings claims against The Miami New Times ("MNT"), which published two articles reporting Plaintiff's disciplinary history. ¶ 220. Plaintiff seeks to invalidate his disbarment and obtain damages for himself and his former client, Beem.
The AC contains eleven counts against Defendants: Count I for Abuse of Process against the Florida Bar and Lazarus; Count II for Fraudulent Concealment and Misrepresentation against the Bar Defendants;[3] Count III for Unconstitutional Deprivation of Property and Liberty against the Bar Defendants; Count IV for Obstruction and Perversion of Justice against the Bar Defendants; Count V for Tortious Interference with an Advantageous Business Relationship against the Bar Defendants; Count VI for Deprivation of the Right to Contract against the Bar Defendants; Count VII for Deprivation of Access to the Courts against the Florida Bar and Lazarus; Count IX for Defamation/False Light against MNT; Count X for violation of the Americans with Disabilities Act against Miller, Labarga, Pariente, Lewis, Quince, Canady, Polston, and Perry; and Count XI for Declaratory and Injunctive Relief against The Florida Bar and Lazarus.
Defendants move to dismiss all claims contained in the AC for a variety of reasons. The Court finds that the AC is subject to dismissal with prejudice for the reasons stated herein.
II. Standard of Review
Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). A pleading that asserts mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly , 550 U.S. at 555, 127 S.Ct. 1955. And "on the assumption that all the allegations are true (even if doubtful in fact)," the factual allegations pleaded "must be enough to raise a right to relief above the speculative level." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal , 556 U.S. at 678, 129 S.Ct. 1937.
To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly , 550 U.S. at 570, 127 S.Ct. 1955 ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the *1303 court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679, 129 S.Ct. 1937. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " Id. (brackets in original) (quoting Fed. R. Civ. P. 8(a)(2) ). "The Supreme Court has employed a 'two-pronged approach' in applying the foregoing principles: first, a reviewing court should eliminate any allegations in the complaint that are merely legal conclusions; and second, where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " Boyd v. Warden, Holman Correctional Facility , 856 F.3d 853, 864 (11th Cir. 2017) (quoting Iqbal , 556 U.S. at 679, 129 S.Ct. 1937 ).
III. Discussion
A. Defendant MNT's Motion to Dismiss is Granted
Defendant MNT published two articles about Plaintiff's disciplinary history with the Florida Bar and the Florida Supreme Court. ¶¶ 220-21; [DE 20 at 138-184]. The first article is entitled Is Jeffrey Norkin Florida's Most Obnoxious Lawyer? The State Supreme Court Seems to Think So, published December 10, 2013. The second article is entitled Florida Supreme Court Disbars Obnoxious Attorney Jeffrey Norkin for 'Debasing the Constitutional Republic We Serve [,]' published October 16, 2015. See [DE 31-1].[4] The AC asserts a single claim against MNT, Count IX for defamation/false light. Defendant MNT argues that Count IX is subject to dismissal as time-barred. The Court agrees.
As an initial matter, though Plaintiff labels his claim as defamation/false light, his claim sounds in defamation. Florida law does not recognize a cause of action for false light invasion of privacy. Jews For Jesus, Inc. v. Rapp , 997 So.2d 1098, 1114 (Fla. 2008). Plaintiff's claim for the non-existent tort of false light is properly subsumed by his claim for defamation. Florida has a two-year statute of limitations for libel or slander. See Fla. Stat. § 95.11(4)(g). "Defamation encompasses both libel and slander[.]." Klayman v. Judicial Watch, Inc. , 22 F.Supp.3d 1240, 1247 n. 2 (S.D. Fla. 2014), aff'd (Feb. 17, 2015) (quoting *1304 Fortson v. Colangelo , 434 F.Supp.2d 1369, 1378 n. 11 (S.D. Fla. 2006) ).The limitations period begins running from the time the cause of action accrues. Fla. Stat. § 95.031. A cause of action for defamation accrues on the date of publication, not the date of discovery. Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan , 629 So.2d 113 (Fla. 1993) ; see also Fla. Stat. § 770.07 ("The cause of action for damages founded upon a single publication or exhibition or utterance, as described in s. 770.05, shall be deemed to have accrued at the time of the first publication or exhibition or utterance thereof in this state.").
Plaintiff makes three arguments against dismissal: (1) the claim did not become ripe until he informed MNT of the allegedly defamatory articles; (2) the statute of limitations clock starts running anew each day that the articles are available on the internet through MNT's website; and (3) that Plaintiff's claim for injunctive relief takes his claim outside the two-year statute of limitations.
None of Plaintiff's arguments are persuasive, and Count IX is subject to dismissal as time-barred. First, this Court is not aware of any precedent, and Plaintiff cites none, indicating that a defamation claim ripens only after Defendant has been informed of the allegedly defamatory content. Pre-suit notice to Defendant MNT under Fla. Stat. § 770.01 did not start the statute-of-limitations clock. Instead, publication of the articles started the clock. Second, Courts considering the argument presented by Plaintiff-a multiple publication rule applicable to articles available on the internet-have routinely rejected that argument. There is a single publication rule in Florida involving "any one edition of a newspaper, book, or magazine," with a statute of limitations that accrues at the time of the first publication. See Fla. Stat. §§ 770.05, 770.07. "Every state court that has considered the question applies the single-publication rule to information online." Pippen v. NBCUniversal Media, LLC , 734 F.3d 610, 615-16 (7th Cir. 2013) (collecting cases). "And those federal courts that have addressed the topic have concluded that the relevant state supreme court would agree." Id. (citing Shepard v. TheHuffingtonPost.com, Inc. , 509 Fed.Appx. 556 (8th Cir.2013) (Minnesota law) (non-precedential); In re Philadelphia Newspapers, LLC , 690 F.3d 161, 174-75 (3d Cir.2012) (Pennsylvania law). These decisions are not binding but nonetheless instructive. This Court declines Plaintiff's invitation to depart from the single publication rule for all material available on the internet because it would eviscerate the statute of limitations and expose online publishers to limitless liability. Finally, Plaintiff's claim for injunctive relief changes nothing about the applicable statute of limitations.
The articles were published on December 10, 2013 and October 16, 2015, respectively. Plaintiff filed his initial Complaint on January 23, 2018-more than two years after each article was published. Therefore, Plaintiff's claim for defamation is dismissed as time-barred.
B. The Judicial Defendants' Motion to Dismiss is Granted
The Judicial Defendants, comprised of Florida Supreme Court Justices and two Miami-Dade Circuit Judges, argue that the claims against them are barred for six reasons. They argue that the claims are barred by: (1) the Rooker- Feldman doctrine; (2) lack of standing; (3) judicial immunity; (4) Florida's litigation privilege; (5) the statute of limitations; and (6) failure to state claim upon which relief can be granted. The Court need not address all these independent bases for dismissal. All claims against the Judicial Defendants are dismissed *1305 because Defendants are protected by judicial immunity.
All claims against the judges relate solely to their conduct in adjudicating Plaintiff's disciplinary proceedings. These claims are dismissed under the doctrine of judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.' " Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir.2000) (citations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. Judicial immunity applies even when a judge is accused of committing grave procedural errors, Stump v. Sparkman , 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) ; acting with bad faith or malice, Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) ; or acting corruptly. Pierson v. Ray , 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The only time a judge can be subject to liability is for acts taken in the clear absence of all jurisdiction. Stump , 435 U.S. at 356-57, 98 S.Ct. 1099. This might occur if the judge acts "purely in a private and non-judicial capacity." Henzel v. Gerstein , 608 F.2d 654, 658 (5th Cir. 1979).
Even if Defendants actions during the disciplinary proceedings were unjust or unfair to Plaintiff, they were clearly judicial in nature and not taken in the complete absence of jurisdiction, so judicial immunity applies. "[B]ar admissions, bar disciplinary actions, and disbarments are essentially judicial in nature." Matter of Calvo , 88 F.3d 962, 965 (11th Cir. 1996). See McFarland v. Folsom , 854 F.Supp. 862, 875 (M.D. Ala. 1994) (determination of "who is to be permitted to practice before the courts" is a judicial function protected by immunity); see also Caffey v. Ala. Supreme Court , 469 Fed.Appx. 748, 751-52 (11th Cir. 2012) (affirming state supreme court justices' immunity from suit arising out of attorney disbarment). Since judicial immunity applies, all claims against the Judicial Defendants are dismissed.
C. The Florida Bar's and Randi Lazarus' Motion to Dismiss is Granted
The Florida Bar and Randi Lazarus argue that the claims against them are subject to dismissal for several reasons. Defendants argue these claims should be dismissed based on: (1) the Rooker- Feldman doctrine; (2) Eleventh Amendment immunity; (3) failure to state a claim upon which relief can be granted; (4) immunity; and (5) shotgun pleading. Although Defendants have asserted multiple bases for dismissal, the Court will focus its discussion on the Rooker- Feldman doctrine as an independently sufficient ground for dismissing the claims.
"The Rooker- Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman v. Sipos , 259 F.3d 1327, 1332 (11th Cir. 2001) (citing). Under the Doctrine, federal district courts "have no authority to review the final judgments of state courts." Siegel v. LePore , 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc ). In addition to blocking federal claims that the state court actually heard, the Doctrine also bars claims that are "inextricably intertwined" with a state court judgment. Siegel , 234 F.3d at 1172.
Here, it is clear from the allegations in the AC that Plaintiff has been attempting to resolve this matter in his favor and is unhappy with the state court determination. Significantly, even if the *1306 state court judgment was unconstitutional, Rooker- Feldman prevents the federal district court from correcting the error. District of Columbia Court of Appeals v. Feldman , 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206. "Review of those decisions may only be had in the [Supreme Court on certiorari]." Id. Specifically, this Court does not sit in review of proceedings related to attorney discipline. "[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court." Feldman, 460 U.S. at 482 n. 16, 103 S.Ct. 1303 (citing MacKay v. Nesbett, 412 F.2d 846 (9th Cir. 1969). "The rule serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars, and between the state and federal judicial systems." Id. (citation omitted).
The Eleventh Circuit has held that the attorney disciplinary process in Florida provides a reasonable opportunity to raise federal claims-including Due Process and Equal Protection challenges-barring asserted and unasserted federal claims under Rooker- Feldman . See Corbin v. The Florida Supreme Court , 233 Fed. Appx. 917 (11th Cir. 2007) (per curiam); see also Uberoi v. Supreme Court of Florida, 819 F.3d 1311, 1313 (11th Cir. 2016) (holding Rooker- Feldman bars claims "based on constitutional or other grounds, that a state court's judicial decision in a particular case has resulted in the unlawful denial of admission to a particular bar applicant"). To rule in Plaintiff's favor would mean finding that the state court proceeding wrongfully decided that Plaintiff should be disbarred, a finding prohibited by Rooker- Feldman . Each of Plaintiff's federal claims is barred by Rooker- Feldman as a direct challenge to the Florida Supreme Court's proceedings, or as seeking the resolution of issues inextricably intertwined with the Florida Supreme Court's determination in Plaintiff's disciplinary proceedings. The Court declines the exercise of supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a). Therefore, all claims against Defendants the Florida Bar and Lazarus are dismissed.
D. Dismissal with Prejudice
Rule 15 says that courts "should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Despite this generally permissive approach, a district court need not grant leave to amend where (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed "; (2) "allowing amendment would cause undue prejudice to the opposing party"; or (3) the "amendment would be futile." Bryant v. Dupree , 252 F.3d 1161, 1163 (11th Cir.2001) (per curiam)(emphasis added). The defects identified in Plaintiff's AC are numerous. The bases for dismissal addressed by the Court-expiration of the statute of limitations, certain Defendants' immunity from this action, and the absence of jurisdiction-cannot be cured by amending the complaint. Amendment would be futile, so this action is dismissed with prejudice.
Accordingly, it is ORDERED AND ADJUDGED as follows:
1. The Motions to Dismiss [DEs 31, 32, 33] are GRANTED ;
2. Defendants' Joint Motion to Strike Plaintiff's Response to Motion to Dismiss, and to Stay Deadline to File Replies [DE 39] is DENIED as moot ; and
3. The Court will issue a separate final judgment.
*1307 DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of April, 2018.

The Court notes that the Judicial Defendants, the Florida Bar, and Randi Lazarus did not file Reply Briefs. They filed a Joint Motion to Strike Plaintiff's Response to Motion to Dismiss, and to Stay Deadline to File Replies [DE 39] because Plaintiff's Response to their Motions to Dismiss violates S.D. Fla. Local R. 7.03(c)(2) as it is longer than 20 pages without leave of Court. Since the Motions to Dismiss are granted, the Joint Motion to Strike and Stay Deadline to File Replies [DE 39] is moot.

Citations are to the Amended Complaint [DE 20].

Plaintiff used the term "Bar Defendants" to refer to all Defendants except for the Miami New Times. ¶ 15.

In deciding a motion to dismiss, the Court must accept a complaint's well-pled allegations as true. Erickson v. Pardus , 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Such allegations must be construed in the light most favorable to the Plaintiff. Am. Dental Ass'n v. Cigna Corp. , 605 F.3d 1283, 1288 (11th Cir.2010). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc. , 358 F.3d 840, 845 (11th Cir.2004). The Court may also consult documents that are attached to the motion to dismiss under the "incorporation by reference" doctrine. The Eleventh Circuit has defined the incorporation by reference doctrine to mean: [A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiffs claim; and (2) undisputed.... "Undisputed" in this context means that the authenticity of the document is not challenged. Horsley v. Feldt , 304 F.3d 1125, 1134 (11th Cir.2002) (internal citations omitted); see also Day v. Taylor , 400 F.3d 1272, 1276 (11th Cir.2005). The Court considers the article attached as an exhibit to MNT's Motion to Dismiss to determine the date of publication. This content is central to the validity of the claim and undisputed.