IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARIE L. HENRY,

      Appellant,

v.
                               Case No.  5D21-1387
                               LT Case No. 2019-CA-011679-O


CITY OF MOUNT DORA, BANK OF
AMERICA CORP., STATE ATTORNEY
OFFICE, FIFTH JUDICIAL CIRCUIT,
JOHN CARNAHAN, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITIES, KACEY
L. EDMONDSON, THOMAS JAWORSKI,
KEVIN JOHNSON, BRAD KING,
BRETT LIVINGSTON, T. RANDALL
SCOGGINS, CLAYTON SIMMONS,
MICHAEL TAKAC, ADRIA QUINTELA AND
JAN WICHROWSKI,

      Appellees.

_____/

Opinion filed December 22, 2022

Appeal from the Circuit Court
for Orange County,
Denise Beamer, Judge.

Marie L. Henry, Lake Mary, pro se.

Tricia J. Duthiers, of Liebler, Gonzalez & Portuondo, Miami, for Appellee, Bank of America.

Ashley Moody, Attorney General, Tallahassee, Eugenia Izmaylova and Brittany Quinlan, Senior Assistant Attorneys General, and Veronica Burianek, Assistant Attorney General, Tampa, for Appellees, Thomas M. Jaworski, Michael G. Takac and Kacey L. Edmondson.

Mary Hope Keating, of Greenburg Traurig, P.A., Tallahassee, for Appellees, Kevin Johnson, Clayton Simmons, Adria Quintela and Jan Wichrowski.

Cindy A. Townsend, of Roper, P.A., Orlando, for Appellees, City of Mount Dora, Brett Livingston, and T. Randall Scoggins.

No Appearance for Remaining Appellees.

COHEN, J.

Marie L. Henry ("Henry") appeals the trial court's three final orders dismissing her amended complaint.[1] We affirm each.

---

[1] Initially, Henry appealed six orders. Two of the orders—non final orders granting motions to quash service of process as to defendants Brett Livingston, Randall Scoggins, the City of Mount Dora, the State Attorney's Office, John Carnahan and Brad King—were dismissed by this Court in a separate appeal. See Case No. 5D21-1408. This Court determined it lacked

The facts of this lawsuit stem from Henry's professional misconduct as an attorney in two cases: a 2009 criminal juvenile proceeding involving Henry's daughter and a 2009 civil case Henry filed against her mortgagor, Bank of America ("BOA").[2] Henry's misconduct prompted two complaints to be filed against her with the Florida Bar[3] ultimately leading to a six-month suspension from the practice of law in 2015. See Fla. Bar v. Henry, 168 So. 3d 230 (Fla. 2015).[4] Since then, Henry filed a series of actions—including an

jurisdiction to review the third non final order granting Carnahan's motion to vacate clerk's default.

[2] Both cases were before Appellee Judge Michael Takac. In the juvenile criminal proceeding, Appellee Kacey Edmondson was the Department of Juvenile Justice probation officer who drafted the affidavit that led to the arrest of Henry's daughter for violation of probation in 2011. Henry's daughter was adjudicated guilty of resisting that arrest without violence, which was affirmed in part and reversed in part on appeal. M.H.-R. v. State, 61 So. 3d 483 (Fla. 5th DCA 2011), rev. denied, 76 So. 3d 938 (Fla. 2011), cert. denied, 567 U.S. 936 (2012).

[3] Assistant State Attorney John Carnahan filed the initial complaint alleging Henry misstated the law, misrepresented facts, and made false accusations to the court during the juvenile proceeding. Judge Takac filed a subsequent complaint after he entered an order recusing himself in the civil case; he made findings regarding Henry's misconduct and directed the clerk to provide his order to The Florida Bar.

[4] Appellee Judge Thomas Jaworski served as a judicial referee in the disciplinary proceedings and recommended Henry's suspension.

administrative action and multiple state and federal lawsuits—unsuccessfully challenging her suspension.[5]

First, in 2015, Henry filed a charge of discrimination and retaliation against The Florida Bar with the Florida Commission on Human Relations ("FCHR"). Finding neither discrimination nor retaliation, the Commission dismissed the action with prejudice. Henry v. Fla. Bar, No. 16-4412 (Fla. DOAH Aug. 11, 2017) (Recommended Order), adopted in relevant part, No. 2015-01146 (Fla. Comm'n on Hum. Rel. Nov. 2, 2017) (Final Order No. 17-088).

While the FCHR action was pending, Henry filed suit in the United States District Court for the Middle District of Florida against The Florida Bar; its then-Executive Director, John Harkness, Jr.; and Bar counsel Adria Quintela, Jan Wichrowski, and Joann Stalcup. The district court dismissed Henry's claims without leave to amend. Henry v. Fla. Bar, No. 6:15-cv-1009, 2016 WL 9631676 (M.D. Fla. May 27, 2016). That order was affirmed on

---

[5] Henry also brought a federal action against the City of Mount Dora and the arresting officers, on behalf of her daughter, and the district court dismissed most of Henry's claims. Henry v. City of Mt. Dora, No. 5:13cv528-OC-30PRL, 2014 WL 5823229 (M.D. Fla. Nov. 10, 2014). The district court also granted partial summary judgment in favor of the city. Henry v. City of Mt. Dora, No. 5:13cv528-OC-30PRL, 2015 WL 114993 (M.D. Fla. Jan. 8, 2015). The Eleventh Circuit affirmed, Henry v. City of Mt. Dora, 688 F. App'x 842 (11th Cir. 2017), and the U.S. Supreme Court denied certiorari review. Henry v. Mt. Dora, Fla., 138 S. Ct. 676 (2018).

appeal. Henry v. Fla. Bar, 701 F. App'x 878, 881 (11th Cir. 2017). Henry's subsequent petition for writ of certiorari with the United States Supreme Court was denied. Henry v. Fla. Bar, 138 S. Ct. 1600 (2018).

In May of 2018, Henry filed another complaint against sixteen defendants, including Florida Bar counsel Harkness, Quintela, and Wichrowski, adding Bar counsel Kevin Johnson and Clayton Simmons,[6] as well as the Orlando Sentinel, the City of Mount Dora and its chief of police, and the assistant state attorney, among others. Henry v. Fla. Bar, et al., Case No. 2018-CA-5281 (Fla. Orange Cty. Ct. May 1, 2018). That suit was removed to federal court, where the magistrate noted "the current Complaint is yet another attempt to challenge final state court and administrative decisions related to her disciplinary proceedings." Henry v. City of Mount Dora et. al., No. 6:18-cv-1325, 2018 WL 7888599, at *4 (M.D. Fla. Dec. 3, 2018). The court entered an order dismissing all of Henry's federal claims without leave to amend. Henry v. City of Mount Dora et. al., No. 6:18-cv-1325-Orl-41GJK, 2019 WL 1402167 (M.D. Fla. Mar. 28, 2019). The federal district court declined to exercise jurisdiction over the state court claims. Id. As a result, those claims were remanded to the circuit court. Id. Henry

---

[6] According to Henry's complaint, Simmons served as The Florida Bar investigator and a member of the grievance committee in Henry's Bar disciplinary proceedings.

5

appealed the order of dismissal to the Eleventh Circuit, which affirmed the trial court. Henry v. City of Mount Dora et. al., No. 21-14120-AA (11th Cir. Sept. 16, 2022).

On remand, the trial court dismissed all the remaining claims with prejudice except for a battery count against Simmons for allegedly squeezing Henry's shoulder as she exited a hearing. Henry appealed that order of dismissal, which this Court affirmed per curiam. Henry v. Fla. Bar et al., 322 So. 3d 74 (Fla. 5th DCA 2021). While appealing that order, Henry filed a petition for writ of habeas corpus in the Florida Supreme Court, seeking relief from her suspension from the practice of law. Henry v. Fla. Bar, No. SC20-1249, 2020 WL 6140993 (Fla. Oct. 20, 2020). The petition was denied.

In 2019, Henry filed the instant action, based on the same facts as the previous actions, naming a number of The Florida Bar defendants in the earlier suits and adding Judges Jaworski and Takac as well as BOA. In the amended complaint, Henry alleged myriad causes of action, ranging from what she articulated as strict liability (anti-SLAPP); civil conspiracy; racial and gender discrimination; retaliation; disability and age-related discrimination; invasion of privacy; malicious prosecution; abuse of process; tortious interference with business relationship; battery; and intentional infliction of emotional distress. Henry also sought declaratory and injunctive

6

relief that demanded the circuit court enjoin the withholding or conditioning of her "membership and employment," which we interpret as an effort to prevent the Florida Supreme Court from restricting her ability to practice law.

Defendant BOA moved to dismiss Henry's amended complaint, arguing that her claims were time barred. Defendants Judges Takac and Jaworski, and probation officer Edmonson, moved to dismiss asserting, inter alia: judicial immunity, statute of limitations, and failure to state a cause of action. Defendants Johnson, Simmons, Wichrowski, and Quintela ("The Florida Bar defendants") also moved to dismiss Henry's amended complaint with prejudice, alleging (1) absolute immunity due to acting within their official capacities; (2) the trial court lacked subject matter jurisdiction over actions concerning attorney discipline; (3) res judicata; and (4) collateral estoppel. The trial court granted each motion on the grounds sought.

This appeal followed. The standard of review of an order of dismissal is de novo. Florida Dep't of Corr. v. Abril, 969 So. 2d 201, 204 (Fla. 2007); Pondella Hall For Hire, Inc. v. Lamar, 866 So. 2d 719, 721 (Fla. 5th DCA 2004).

The two remaining orders include (1) the order of dismissal as to BOA is affirmed without further discussion. The two remaining orders include: (1) the order of dismissal as to defendants Judge Takac, Judge Jaworski, and

7

officer Edmondson; and (2) the order of dismissal as to The Florida Bar defendants.

Turning first to the order of dismissal relating to Judges Takac and Jaworski, a judge has absolute immunity from liability for "judicial acts." See Stump v. Sparkman, 435 U.S. 349, 359 (1978); Kalmanson v. Lockett, 848 So. 2d 374, 378 (Fla. 5th DCA 2003). To determine whether conduct constitutes a "judicial act" for purposes of immunity, the court should consider (a) whether the precise conduct was performed as a normal judicial function; (b) whether the event occurred in the courtroom or in chambers; (c) whether the controversy centered around a case pending before the judge; and (d) whether the confrontation arose directly or immediately out of a visit to the judge in his judicial capacity. Id. Here, Judge Takac served as the presiding judge in both the juvenile proceeding and the civil suit brought by Henry. The fact that he felt compelled to file a complaint with The Florida Bar after he recused himself from the civil case, while not a common occurrence, does not alter the fact that the filing of such a complaint is not outside of a normal judicial function. Judge Jaworski's role as the referee in Henry's disciplinary case is likewise not the usual role of a county court judge but is, nonetheless, a normal judicial function. Both judges are entitled to absolute judicial immunity.

8

As the order of dismissal relates to Edmonson, the statute of limitations on the causes of action pled range from two years for invasion of privacy and abuse of process counts to four years for the remaining claims. Edmondson's involvement in the case as a probation officer occurred in 2011 and her involvement as a witness in the Bar disciplinary proceedings transpired in 2012. Thus, by the time of the filing of Henry's original complaint in 2019, the statute of limitations expired on each of the causes of action alleged. Accordingly, the order of dismissal as to defendants Edmonson, Judge Takac, and Judge Jaworski is affirmed.[7]

We next address the order of dismissal related to The Florida Bar defendants. For some, this is the third time they have been sued. The facts in this action are, for all practical purposes, virtually identical to those of the previous suits. Again, by acting in their official capacities during the alleged conduct, these defendants are immune from liability, as Henry was previously informed by the district court:

> Where, as here, members of a state bar were acting as agents of the Florida Supreme Court, they "enjoy[ ] immunity for actions taken during the course of their official duties." Caffey v. Ala. Supreme Court, 469 Fed. Appx. 748, 752 (11th Cir. 2012) (per curiam) (citing Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.

---

[7] Because the judicial immunity doctrine is dispositive, it becomes unnecessary to address the remaining grounds for which the trial court found dismissal warranted.

9

1993) (per curiam)). Here, Ms. Henry's allegations as to the individual Defendants go to conduct undertaken during the course of their official duties. Thus, they are immune.

Henry v. The Fla. Bar, 615CV1009ORL41TBS, 2016 WL 9631676, at *4 (M.D. Fla. May 27, 2016), aff'd sub nom. Henry v. Fla. Bar, 701 Fed. App'x 878 (11th Cir. 2017); see also Cole v. Owens, 766 So. 2d 287, 288 (Fla. 4th DCA 2000) (Staff attorneys for The Florida Bar, as duly authorized agents of the Bar, have absolute immunity for their official actions.); Kee v. Bailey, 634 So. 2d 654 (Fla. 3d DCA 1994) ("The Florida Bar and its employees act as an official arm of the Florida Supreme Court and in such capacity enjoy absolute immunity for actions taken within the scope of their duties."); Mueller v. Fla. Bar, 390 So. 2d 449, 452–53 (Fla. 4th DCA 1980) (Rule of prosecutorial immunity insulates The Florida Bar and its agents acting within scope of office from liability.); Carroll v. Gross, 984 F.2d 392 (11th Cir. 1993) (Defendants acting as agents of the Florida Supreme Court were entitled to absolute immunity from lawsuit alleging violation of constitutional rights.),

<u>cert. denied</u>, 510 U.S. 893 (1993).[8] Thus, we affirm the order of dismissal relating to The Florida Bar defendants.[9]

Henry has litigated her grievances—which flow from the six-month suspension of her law license in 2015—for over seven years, and this Court is the eleventh tribunal to review her claims.[10] She has brought suit after suit in the hope that persistence will yield a different outcome. Her accusations have been rejected by federal courts, including the United States Supreme Court; multiple state courts, including the Florida Supreme Court; and the Florida Commission on Human Relations. It is time for this repetitive litigation to come to an end. We caution Henry that the continued filing of lawsuits in this matter could result in the imposition of sanctions. <u>May v. Barthet</u>, 934 So. 2d 1184, 1187 (Fla. 2006).

AFFIRMED.

NARDELLA and WOZNIAK, JJ., concur.

---

[8] Although Simmons was not acting as an employee of the Bar, as a member of The Florida Bar grievance committee, he was similarly serving as an agent of the Florida Supreme Court. <u>See</u> R. Regulating Fla. Bar 3-3.1, 3-3.4.

[9] Because the absolute immunity issue is dispositive, we again do not reach the trial court's additional grounds for dismissal.

[10] Henry remains ineligible to practice law.